## CYNTHIA BARNUM'S APPEAL FROM PROBATE.

Under the statute (Rev. Stat., tit. 20, sec. 145,) which provides that any person aggrieved by the decision of commissioners upon an insolvent estate in allowing or rejecting a claim, "may within fifteen days after the report of commissioners is returned into court, appeal to the next superior court, &c., but the party appealing shall give sufficient bond with surety, to the satisfaction of the court of probate, payable to the judge of probate and his successors in office, to prosecute the appeal to effect,—Held, that an appeal was valid which was taken and allowed by the judge of probate within the fifteen days, although no bond was given until after the fifteen days had elapsed.

In such cases it rests in the discretion of the judge either to accept the bond when tendered after the proper time, or to reject it and disallow the appeal.

Whether an erroneous decision of the judge, upon such a question, could be otherwise reached than by proceedings in error, either in law or in fact :—*Quære.*

APPEAL from the decision of the commissioners upon the insolvent estate of James W. Porter, deceased, in rejecting a claim of the appellant, in their report returned to the court of probate for the district of Danbury. The appeal was duly entered in the superior court, and an attested copy of the probate records filed, from which it appeared that the appeal was taken and allowed, and bonds for its prosecution given

and accepted, on the same day in which the report of the commissioners was returned to court. The administrator upon the estate appeared in the superior court and pleaded in abatement that the appeal was not allowed, taken out, or a bond with surety given thereon, within fifteen days after the report of the commissioners was returned to court, as by law required. He also filed a plea to the jurisdiction, alleging the same facts, and also that twenty-seven days after the return of the report, and not before, the counsel for the appellant prepared the pretended appeal and a bond in the same, dating both back to the day of return of the report, and then requested the court of probate to allow the appeal, which was refused by the court on the ground that the application came too late, as the fifteen days allowed by law for taking such an appeal had elapsed, and the court therefore had no authority to allow one; that the counsel finally prevailed upon the court to allow and certify the pretended appeal on the express understanding that all the circumstances attending its allowance and the acceptance of the bond should be brought to the knowledge of the superior court, in order that the legality of the same should be there passed upon; and that the appeal was not in fact taken out nor the bond given on the day of their date, nor within the fifteen days by law allowed.

Issue having been joined upon these pleas, the cause came to trial in the superior court, (*Butler*, *J.*,) where the following finding and reservation was made.

The claim of Cynthia Barnum was duly presented to the commissioners on the estate, and a hearing had thereon. The claim was contested by the administrator. After the trial her counsel notified the administrator that he desired to be informed when the report was made; for if the claim was disallowed he should take an appeal. On the day when the commissioners' report was returned, the administrator informed the counsel of the fact, and the counsel immediately informed the administrator that he should appeal, and thereupon went to the probate office, examined the report, found it to be true that the claim had been disallowed, spoke of the allowance to the judge of probate, and said to him: "I take an appeal.

Mr. G. Starr is ready to give bonds. I wish you to have the papers made out." The judge of probate did not dissent, and was understood to assent, and the counsel left the office supposing that it was the practice of the court to prepare the papers, and that all was done which was necessary to secure an appeal. The administrator agreed to accept service, and notified some of the other creditors that the appeal was taken. It was the practice in the office for the clerk to prepare the papers when requested, but not the invariable practice. The clerk was not then present. The papers were not prepared prior to the expiration of fifteen days next ensuing, nor until three or four days afterward, nor did the bondsman, Mr. Starr, appear until after the fifteen days had expired to execute the bond. Three or four days after the time had expired the counsel of the appellant learned on inquiry that the papers had not been prepared or the bond given, and requested that it might be done then, and produced the bondsman. The judge of probate doubted his power to do it after the limitation had expired, but was willing to do it if he had the power. It was then agreed that he should have the papers executed as of the time when the report was returned, and sent forward to the superior court, subject to the opinion of that court upon the question whether the judge had the power to complete the appeal in the manner aforesaid or not, and they were executed, said Starr giving the bond, and the appeal entered in the superior court accordingly. And thereupon the appellee filed the pleas in abatement and to the jurisdiction, on which this hearing was had, insisting that the appeal should be dismissed, and the appellant insisting that the judge of probate had the power to complete the appeal in the way and manner and at the time he did. These questions so made, and all the questions arising on the foregoing pleadings and facts, with the question whether the foregoing facts could be proved by parol evidence, were reserved for the advice of the supreme court.

The terms of the statute (Revision of 1866, p. 440,) limiting the time for taking appeals of this nature, are stated in the opinion.

*Hawley* and *Taylor*, for the appellee.

1. The superior court had no jurisdiction of the cause, since an appeal is allowed only by statute, and is invalid unless taken in strict conformity to its requirements. Without a proper bond, given at the proper time, there can be no appeal. *Curtiss* v. *Beardsley*, 15 Conn., 526.

2. Statutes giving or regulating jurisdiction can not be extended by construction. *Palmer* v. *Palmer*, 6 Conn., 409.

3. The legislature intended that, at the end of fifteen days from the return of the report of the commissioners, all parties interested in the estate could learn from the probate records whether any appeal had been taken. To hold this appeal valid would frustrate this intention. There has been here no waiver of notice by the administrator. Neither he nor the judge of probate could waive any of the requirements of the statute.

*Brewster*, for the appellant.

1. The method or time of taking a bond by a judge of probate is not an assailable jurisdictional fact. See 1 Smith's Lead. Cas., (Hare & Wallace's ed.,) 831; 2 Am. Lead. Cas., 812. Nor is the exercise of his discretion in the matter subject to revision in an appellate court. *The Dos Hermanos*, 10 Wheat., 306 ; *The People* v. *The Judges of Dutchess County*, 7 Cow., 487.

2. An appeal is taken as soon as the motion for it is allowed by the court. The bond is at most but a condition of its further prosecution, and is not always necessary to the existence of an appeal. *Ives* v. *Finch*, 22 Conn., 101.

3. The appellant acted in entire good faith, and was only misled by relying on having the necessary papers made out by the clerk of the probate court, according to custom and request, and on the administrator's agreement to accept service. The magistrate's laches can not defeat the appellant's right, nor can the administrator tempt to a technical negligence and then take advantage of it. *Ives* v. *Finch*, supra ; *Hawley* v. *Middlebrook*, 28 Conn., 527, 534, 535.

DUTTON, J. The estate of the deceased was represented insolvent, and the appellant presented a claim to the commissioners which was disallowed. The appellant moved the court of probate for an appeal within fifteen days after the report of the commissioners was returned into court, and named a sufficient bondsman on the appeal, who was not present at the time. The motion was allowed, so far as the same could be allowed without taking a bond. Soon after the fifteen days had elapsed the bondsman was presented to the court, and in opposition to the claim of the appellee, and for the purpose of trying the validity of the proceedings, the record of appeal was perfected as of the time when the motion to appeal was made, and copies were transmitted to the superior court and entered in its docket. The appellee filed a plea in abatement and a plea to the jurisdiction.

The appellee in support of his pleas relies on the express language of the statute, (Gen. Stat., p. 440, sec. 145,) which provides that in a case like this the " aggrieved person may within fifteen days after the report of commissioners is returned into court appeal to the next superior court to be holden in the county in which the probate district or any part thereof is situated; provided however that the party appealing shall give sufficient bond with surety to the satisfaction of the court of probate, &c."

He insists that inasmuch as the party aggrieved would have no right of appeal without the statute, he must bring himself within the provisions of the statute, or he would have no right of appeal, and the court of probate could not give one to him, nor could it either exercise jurisdiction itself over the matter or confer jurisdiction over an appeal.

He also insists that according to the case of *Curtiss* v. *Beardsley*, 15 Conn., 526, a party can not be said to have appealed till the bond has been given, and that consequently the limitation applies to the bond as well as to the motion for the appeal.

We have felt the force of these objections, and perhaps if no high authority could have been found for a different decision might have considered ourselves bound, although

reluctantly under the peculiar circumstances of this case, to sustain them. We have also been referred to some decisions of state courts giving to similar provisions of statutes a strict construction.

But the case which corresponds in its circumstances the nearest with the present case is that of *The Dos Hermanos*, in the Supreme Court of the United States, 10 Wheat., 306. There is a law of Congress providing that " writs of error shall not be brought but within five years after rendering or passing the judgment or decree complained of," with certain exceptions in the case of infants, &c. ; " and every justice or judge signing a citation on any writ of error as aforesaid shall take good and sufficient security that the plaintiff in error shall prosecute his writ to effect, and answer all damages and costs if he fail to make his plea good." Brightly's Dig., p. 258.

By comparing the terms of this law with the statute of this state which has been quoted, it will be seen that if there is any distinction the law of Congress is the most prohibitory, and the limitation the most positive.

Yet in that case Marshall, C. J., says, " As to the question which has been made whether the appeal was in due time, it appears that the appeal was prayed for within five years, and was actually allowed by the court within that period. It is true that the security required by law was not given until after the lapse of the five years ; and under such circumstances the court might have disallowed the appeal and refused the security. But as the court accepted it it must be considered as a sufficient compliance with the order of the court, and that it had relation back to the time of the allowance of the appeal." Although the case is called an appeal, it was in the nature of a writ of error, and there is no other limitation by a law of Congress applicable to such a case. The case of *The Dos Hermanos* is also referred to in Brightly's Dig., p. 258, note *h*, as coming under the statute which we have quoted.

The two cases seem to be parallel, and the authority of the Supreme Court of the United States on such a point may, we

think, be safely followed as a precedent. At all events the court of probate had jurisdiction of the motion to appeal, and if the judge made an erroneous decision regarding it it may well be doubted whether it could be reached in any other way than by proceedings in error either in law or in fact.

The appellee has insisted strongly that upholding such an appeal would lead to great inconvenience, as the executor or administrator would never know when he could proceed with the settlement of the estate. This is sufficiently answered by the remark of Ch. J. Marshall, that the court might have disallowed the appeal. The appellant has no rights that he can insist upon unless he complies strictly with the requirements of the law. In the present case the question, whether there was an appeal pending or not, could easily have been determined if the administrator had applied to the court of probate. If there had been culpable negligence on the part of the appellant, the motion for and allowance of the appeal would doubtless have been disregarded. The inconvenience would in such cases be much less than would sometimes be occasioned by such a rigid construction of the law as has been contended for by the appellee.

We advise that the pleas be overruled.

In this opinion the other judges concurred.