HELEN KRON *v.* TILLIE THELEN, EXECUTRIX
(ESTATE OF LEON KRON)

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued April 4—decision released June 26, 1979

*Bruce L. Levin,* for the appellant (plaintiff).

*Jules Lang,* for the appellee (defendant).

LONGO, J.  The plaintiff, Helen Kron, appealed to the Superior Court from a decree of the Probate Court for the district of Norwalk, which approved, allowed changes in, and amendments to, a final account filed by the defendant in her capacity as executrix of the estate of Leon Kron.  The Superior Court sustained a plea in abatement filed by the defendant and rendered judgment dismissing the plaintiff's appeal.

The trial court found the following facts: The plaintiff, Helen Kron, is the surviving spouse and beneficiary under the will of her deceased husband, Leon Kron. On June 6, 1977, a hearing was held in the Probate Court for the district of Norwalk on the final account filed by the defendant as executrix of the deceased's will. Counsel for the plaintiff was present at the hearing. Following the hearing, the court reserved decision on the accounting. On June 27, counsel for the plaintiff phoned the Probate Court office and inquired as to whether any action had been taken on the accounting. He was informed, erroneously, that no action had been taken.

The record indicates that the Probate Court approved the accounting on June 6, 1977, following the hearing. The first notice that counsel for the plaintiff had of the court's action approving the account was obtained on July 22, 1977, when he received the defendant executrix' motion for summary judgment in a separate action instituted by the plaintiff against the executrix of her husband's will. That action had been consolidated with the action instituted by the plaintiff which is the subject of the present appeal.

On August 16, 1977, within thirty days of the plaintiff's becoming aware of the Probate Court's decree, the plaintiff appealed to the Superior Court, claiming that she was aggrieved by the court's order and decree approving the account. The appeal was concededly taken beyond the time limitation stated in § 45-289[1] of the General Statutes, which provides,

---

[1] "[General Statutes] Sec. 45-289. TIME OF TAKING APPEALS. All such appeals, by those of full age and present or who have legal notice to be present, shall be taken within thirty days, and, if they have no notice to be present and are not present, then within twelve months except from a decree of termination of parental rights or

in relevant part, that all appeals from Probate Court orders and decrees shall be taken within thirty days. The trial court, however, found that the plaintiff telephoned the Probate Court for information on the decision within the statutory thirty days.

The trial court concluded that: jurisdiction cannot be defeated by the failure of the Probate Court to issue an order of notice; the information given to the plaintiff by mistake or accident was wrong, to her detriment; the presence of counsel at the hearing limited the appeal period to thirty days as provided by § 45-289; the statute does not provide for notice of decision to the persons involved; since there is no right of appeal except as provided by statute, the appeals procedure must be strictly followed; and since the plaintiff's appeal was not filed within thirty days of the Probate Court's decree, the plea in abatement had to be sustained. From the judgment rendered dismissing her appeal, the plaintiff has appealed to this court.

The plaintiff principally contends that, although § 45-289 does not contain a specific notice provision, a requirement that the Probate Court give notice of the rendition of its decree to the parties when it reserves decision is necessarily implied in the statute. In this connection, the plaintiff argues that her right to an appeal cannot be defeated by the accident or mistake of the Probate Court in failing timely to notify her of the court's decision and order

adoption, in which case if they have no notice to be present and are not present, then such appeal must be taken within ninety days instead of twelve months. No appeal from any probate order for the payment of claims or dividends on claims against any insolvent estate shall be allowed but within thirty days after the making of such order; and no order, denial or decree of a court of probate shall be invalid by reason of the disqualification of the judge unless appeal therefrom is taken within thirty days."

entered following the hearing, which prevented her from filing an appeal within thirty days as required by § 45-289. The defendant, on the other hand, argues that the trial court was correct in holding that, as there is no inherent right of appeal, the provisions of § 45-289 must be strictly followed and that terms not provided in the statute may not be read into it. We cannot agree.

Section 45-289 does not specifically require the Probate Court to notify interested parties of its decision or order following a hearing where, as here, the court reserves its determination of the issues involved. It does not follow, however, that the failure of a statute expressly to provide for notice makes possible, by implication, an effective probate decree not based upon notice. See *State* v. *Glen Falls Indemnity Co.,* 120 Conn. 178, 179 A. 823 (1935) (statute empowering court to make decree ascertaining distributees and authorizing distribution did not provide for notice of hearing; held, decree in above regard cannot be made except after due notice to affected parties); 1 Locke & Kohn, Connecticut Probate Practice § 110. In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended. *Citerella* v. *United Illuminating Co.,* 158 Conn. 600, 609, 266 A.2d 382 (1969); *Masone* v. *Zoning Board,* 148 Conn. 551, 556, 172 A.2d 891 (1961). A statute should not be interpreted to thwart its purpose; *Turner* v. *Scanlon,* 146 Conn. 149, 157, 148 A.2d 334 (1959); and its interpretation must avoid a consequence which fails to attain a rational and sensible result. *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 414, 311 A.2d 65 (1972); *Bridgeport* v. *Stratford,* 142 Conn. 634, 644, 116 A.2d 508 (1955). While it is true, as the

trial court held, that provisions in statutes fixing a time within which to take an appeal are designed to secure a speedy determination of the issue involved; *Fidelity Trust Co.* v. *Lamb,* 164 Conn. 126, 132, 318 A.2d 109 (1972); it is manifestly more compelling that "[t]he right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue. Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless." *Hubbard* v. *Planning Commission,* 151 Conn. 269, 271–72, 196 A.2d 760 (1964); *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 8, 363 A.2d 1386 (1975) (*Bogdanski, J.,* dissenting); see *Akin* v. *Norwalk,* 163 Conn. 68, 73, 301 A.2d 258 (1972); *Foran* v. *Zoning Board of Appeals,* 158 Conn. 331, 336, 260 A.2d 609 (1969).

We have held that "it is a principle of natural justice of universal obligation, that before the rights of an individual be bound by a judicial sentence he shall have notice . . . of the proceedings against him." *Parsons* v. *Lyman,* 32 Conn. 566, 576, quoting Mr. Chief Justice Marshall in *The Mary,* 13 U.S. (9 Cranch) 126, 3 L. Ed. 678. Fundamental tenets of due process, moreover, require that all persons directly concerned in the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses. *Dohany* v. *Rogers,* 281 U.S. 362, 369, 50 S. Ct. 299, 74 L. Ed. 904 (1930); *Proctor* v. *Sachner,* 143 Conn. 9, 17, 118 A.2d 621 (1955); see *Boddie* v. *Connecticut,* 401 U.S. 371, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971); *Hanson* v.

*Denckla,* 357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958); *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1949); *Southern New England Telephone Co.* v. *Public Utilities Commission,* 165 Conn. 114, 124, 328 A.2d 695 (1973) (*Cotter, J.,* dissenting); *City Trust Co.* v. *Bulkley,* 151 Conn. 598, 601, 201 A.2d 196 (1964); *Boltuch* v. *Rainaud,* 137 Conn. 298, 300, 77 A.2d 94 (1950).

The statute, § 45-289, provides that "[a]ll such appeals, by those of full age and present or who have legal notice to be present, shall be taken within thirty days, and, if they have no notice to be present and are not present, then within twelve months . . . ." The record reveals, however, that the Probate Court issued its decree approving the executrix' final account without informing the parties of its decision. The plaintiff was warranted in anticipating that she would be notified of the decision so that a timely appeal could be undertaken in the event she was aggrieved by the court's decision.[2] The pertinent language of the statute, quoted above, is general in its terms and does not speak to a situation where the court reserves decision on the matter before it, without notifying the parties when it ultimately reaches its decision.

[2] In this regard, it is significant that under both the provisions of § 51-53 of the General Statutes and Practice Book, 1978, § 398, whenever any judge renders a decision without counsel present, the clerk of the court is *required* to notify counsel in writing of the decree or order. Furthermore, both the statute and the rule make clear that, in the case of appellate proceedings relating to the decree, the time limited by law for commencing such proceedings "shall date from the time when such notice is issued by such clerk." The statute makes these rules specifically applicable to courts and judges of probate. See *Tilo Co.* v. *Fishman,* 164 Conn. 212, 214, 319 A.2d 409. It is thus apparent that the plaintiff's anticipation that she would be notified of the court's decision was, as a matter of law, reasonable.

Similarly, the cases relied upon by the trial court, and by the defendant on appeal, do not address the issue in the present case, where the Probate Court gave no notice of its decision approving the final account. In *Phinney* v. *Rosgen,* 162 Conn. 36, 291 A.2d 218 (1971), the plaintiff, the sole heir of the deceased, signed a written waiver of notice, tendered to her by the executor, in relation to a hearing concerning the admittance to probate of the deceased's will. The statute then governing the probate of wills, now General Statutes § 45-167, provided that notice to interested parties of the probate of the will was a condition to the approval of the will. This court held that the plaintiff's signing of the written waiver of notice apprised the plaintiff that she had only one month to appeal the decree admitting the will to probate and found no error in the trial court's sustaining of the defendant's plea in abatement to the plaintiff's appeal, filed seven months after the expiration of the thirty-day appeal period provided in § 45-289. The court found no due process violation because the plaintiff had expressly waived notice of the Probate Court hearing. In *Heiser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, 192 A.2d 44 (1963), the trial court sustained a plea in abatement to the plaintiff's late-filed probate appeal, which decision was affirmed by this court. The plaintiff, in marked contrast to the present case, had *actual notice* of the court's action in approving a trustee's account, yet neglected to file an appeal within thirty days of the decree. No issue whatsoever of lack of notice was discussed in this court's decision. Finally, in *Fuller* v. *Marvin,* 107 Conn. 354, 140 A. 731 (1928), the plaintiffs made a *claim* of appeal, which was accepted by the Probate Court, within thirty days of the decree appealed from, but

neither posted an appeal bond nor actually obtained *allowance* of the appeal from the court within thirty days. This court, in affirming the trial court's sustaining of the defendant's plea in abatement, held that, as the appeal was not allowed within thirty days, it could not be resurrected by the late filing of the appeals bond. As in *Heiser,* the issue of lack of notice of the Probate Court's decree was entirely absent.

Presence of counsel at the hearing cannot constitutionally fill the vacuum created by a lack of notice occasioned by the court's failure to inform either the plaintiff or her attorney of its decree. Were we to accept the defendant's position that no notice of the Probate Court's decision was required, it would necessarily follow that the parties themselves would be compelled to inquire of the court on a daily basis in order to prevent the statutory thirty-day appeal limit from expiring. In the present case, the plaintiff, having contacted the court and having erroneously been informed that the court had taken no action on the account, could do no more than she did to preserve her right to appeal from the decree approving the executrix' account.

The plaintiff's statutory right of appeal could not be defeated by the mistake of the Probate Court. *Donovan's Appeal from Probate,* 40 Conn. 154, 156 (1873); *Barnum's Appeal from Probate,* 33 Conn. 122 (1865); see *Hill* v. *Hawes,* 320 U.S. 520, 64 S. Ct. 334, 88 L. Ed. 283 (1944); *Desherow* v. *Rhodes,* 1 Cal. App. 3d 733, 82 Cal. Rptr. 138 (1969); *Bank of Westfield* v. *Inman,* 133 Ind. 287, 32 N.E. 885 (1892); *Fidelity & Casualty Co.* v. *Withington,* 229 Mass. 537, 118 N.E. 902 (1918); 4 Am. Jur. 2d, Appeal and Error § 298. The Probate Court had

a duty upon inquiry by the plaintiff's attorney to inform him that a decision had been rendered. By mistake or accident the information given was wrong to the plaintiff's detriment. Had the correct information been given, the plaintiff could have taken a timely appeal but was prevented from so doing by the misleading information given by the Probate Court. When the plaintiff did finally learn of the decision, she proceeded to perfect her appeal promptly.

As we have indicated, § 45-289 is a statute of general application. Statutes general in their terms are, in certain instances, construed to admit implied exceptions. *New Haven Savings Bank* v. *Warner*, 128 Conn. 662, 669, 25 A.2d 50 (1942); *Kelley* v. *Killourey*, 81 Conn. 320, 321, 70 A. 1031 (1908). If the statute in issue is read so as to avoid the constitutional requirement of due notice to affected parties, then the power is placed in the hands of the Probate Court to nullify a party's right of appeal by its simple mistake or omission in notifying the parties of the entry of a decree. It is wholly unreasonable to assume that the statute is intended to operate in this manner. We thus hold that the statute fixing the time of appeal from a decree of the Probate Court is subject to the implied requirement that the court give notice[3] of its decree before the thirty-day appeal period becomes operative. Since the plaintiff's appeal was filed within thirty days after she became aware of the Probate Court's decree, her appeal must be allowed to proceed.

[3] In holding that the statutory appeal period does not commence until the court gives notice of its decree, we do not intend to be construed as holding that a prospective appellant must receive notice of the decree; the sending of notice by the court is what the statute, as we construe it, and due process require. See *Vecchio* v. *Sewer Authority*, 176 Conn. 497, 408 A.2d 254 (1979).

There is error, the judgment is set aside, and the case is remanded with direction to sustain the plaintiff's appeal and to proceed according to law.

In this opinion the other judges concurred.