[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this action as the assignee of an account allegedly due from defendant for cleaning services provided by plaintiff's assignor for the benefit of defendants.
The defendant's counterclaim alleges negligence in the performance of the cleaning services, violation of the Home Improvement Act and a CUTPA violation. The CUTPA claim is based on Connecticut General Statutes Section 20-427 (b)(5) which makes any home improvements done by an unlicensed contractor an unfair trade practice.
The defendant's home was damaged by a heater malfunction which resulted in soot being deposited all over the home. The defendants contacted the plaintiff's assignee to estimate the job and agreed to hire such organization to clean the home.
The cleaning work was performed and was in the reasonable value of $1,665.24.
The defendants assert as a special defense the plaintiff's failure to comply with the Home Improvement Act, Connecticut General Statutes Section 20-429. The plaintiff contests the applicability of the act to its cleaning service. The defendants contend that the cleaning services are the equivalent of "rehabilitation" under the act, Connecticut General Statutes Section 20-419 (4).
The work actually performed by plaintiff's assignor involved cleaning the interior surfaces of the dwelling with a chemically treated sponge and hand washing such surfaces.
The defendant maintained at trial that the cleaning services were well performed, other than the damage which resulted from alleged negligence of the cleaners. CT Page 1418
The application of The Home Improvement Act would result in a forfeiture of any claim for such services and constitute an unfair trade practice. "In construing a statute, common sense must be used and courts must assume that a reasonable and rationale result was intended." Kron v. Thelen, 178 Conn. 189, 192 (1979).
The court finds that the work is properly characterized as cleaning rather than rehabilitation or improvement. The Home Improvement Act and CUTPA are thus not implicated.
The plaintiff is thus entitled to recover for the value of its services $1,665.24; less an offset for the counterclaim for damages resulting from negligence in the performance of such services.
Defendants claim negligence resulted in a broken lamp and ripped wallpaper.
The defendants offered only the testimony of one of the defendants that the lamp was not broken and the wallpaper undamaged before the cleaning; and were found damaged after the cleaning. The defendant also testified that cleaning company representatives tried to resolve the defendants claims of damages.
A witness for plaintiff, who performed the cleaning work, had no recollection of the broken lamp. Mr. McKenna indicated that the wallpaper was loose at a seam in the stairwell, but that no machinery or sharp edged tools were used in the cleaning. He further testified that the cleaning may have revealed a previously damaged seam.
The court finds that through the cleaning crew's negligence, the defendant's lamp was broken. Defendants, however, have failed to meet their burden of proof as to the claims relating to the wallpaper.
Judgment enters for plaintiff on its complaint in the amount of $1,665.20. On the defendant's counterclaim, judgment enters for defendants in the amount of $110.
Interest, fees and/or costs are not awarded to either party.
McWEENY, J.