[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on a complaint that alleges that Connecticut National Bank is owner and possessor of a promissory note in the amount of $560,000.00 that is secured by a mortgage on property owned by the CT Page 2619 defendant known as 167-3 Elm Street, located in Old Saybrook, Connecticut.[1] The defendant, Charles A. Marland, is also the promissor on the note.[2] Subsequently, the plaintiff moved for an amendment by right within thirty days of the return date to substitute GTT Corp. as the plaintiff. Although the court questions whether a plaintiff may substitute another distinct and separate entity as plaintiff under Practice Book Sec. 175, that issue and or question has not been attacked nor addressed by the defendant.[3] The bases for the substitution of GTT Corp. is an allegation that GTT Corp. is the assignee of the subject note.
The defendant, on the other hand, has introduced evidence establishing that the claimed substituted plaintiff, GTT Corp., has never recorded an assignment of the subject mortgage. In Caron's Connecticut Foreclosures, the commentator addresses the issue of assignment and recording of mortgage notes, wherein, he provides that:
General Statutes Sec. 49-10, states inter alia:
 [W]henever any debt or other obligation secured by mortgage . . . is assigned by an instrument in writing containing a sufficient description to identify such mortgage . . . and such assignment has been executed, attested and acknowledged in the manner prescribed by law for the execution, attestation and acknowledgment of deeds of land, the title held by virtue of such mortgage . . . shall vest in the assignee.
 While section 49-10 does not on its face appear to require a recordation for the instrument to be effectual, as is required for deeds in section 47-10, the Supreme Court has held that the failure to record a mortgage assignment operates to estop a non-recording assignee from claiming priority over a subsequent assignee of the same mortgage, but who has recorded. Second National Bank of New Haven v. Dyer, 121 Conn. 263 (1936).
D. Caron, Connecticut Foreclosures, Sec. 4.02A (2d ed.). "`"A CT Page 2620 note and a mortgage given to secure it are separate instruments, executed for different purposes and . . . [an action for] foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit. . . ."'" (Citation omitted.) Hartford National Bank 
Trust Co. v. Kotkin, 185 Conn. 579, 581, 441 A.2d 953 (1981). The court finds that where there is a valid assignment of a mortgage note, the assignee has a right to bring an action to foreclosure upon the assigned note as if he or she were the original mortgagee.
The defendant argues further, pursuant to General Statutes Sec. 49-17, that a note in default cannot be assigned. General Statutes Sec. 49-17, which deals with foreclosures by the owner of a debt without legal title, provides that
 [w]hen any mortgage is foreclosed by the person entitled to receive the money secured thereby but to whom the legal title to be mortgaged premises has never been conveyed, the title to such premises shall, upon the expiration of the time limited for redemption and on failure of redemption, vest in him in the same manner and to the same extent as such title would have vested in the mortgagee if he had foreclosed, provided the person so foreclosing shall cause the decree of foreclosure to be recorded in the land records in the town in which the land lies.
"A statute, of course, should not be interpreted to thwart its purpose. Kron v. Thelen, 178 Conn. 189, 192, 423 A.2d 857
(1979)." Builders Service Corporation v. East Hampton Planning and Zoning Commission, 208 Conn. 267, 276,545 A.2d 530 (1988). The language of General Statutes Sec. 49-17 does not bar the assignment of a note that is in default. Rather, General Statutes Sec. 49-17 places an additional burden on the assignee of a mortgage note, following an action for foreclosure, to "cause the decree of foreclosure to be recorded in the land records in the town in which the land lies." D. Caron, Connecticut Foreclosures, supra. "Thus, the holder of a mortgage note has the same right to proceed against the CT Page 2621 security as does a mortgagee, providing the statutory requirements [General Statutes Sec. 49-10 and Sec. 49-17] are followed." Id.
The purpose of the motion to dismiss is to test the jurisdiction of the court. Reynolds v. Soffer, 183 Conn. 67,68, 438 A.d 1163 (1981). For a court to have jurisdiction, it must have personal jurisdiction, subject matter jurisdiction and jurisdiction to render judgment. Castro v. Viera,207 Conn. 420, 433-34, 541 A.2d 1216 (1988). Practice Book Sec. 143 provides that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book Sec. 143.
The defendant fails to challenge the court's jurisdiction on any of the grounds enumerated in the Practice Book Sec. 143.
The defendant also argues that GTT Corp., the claimed substituted plaintiff, is not a holder in due course. Not every holder of a note or possessor of a note need be a holder in due course. See Casanova Club v. Bisharat,189 Conn. 591, 594, 458 A.2d 1 (1983). A holder in due course means that the holder takes the negotiable instrument "`(a) for value; and (b) in good faith; and (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.'" Funding Consultants, Inc. v. Aetna Casualty Surety Co., 187 Conn. 637,640-41, 447 A.2d 1163 (1982), citing General Statutes Sec.42a-3-302.
The effect of being a holder in due course is that as a holder defenses that may have been available against the original promisee are not available to a promisee of the note who is not a holder in due course. General Statutes Sec.42a-3-305; see Bisharat, supra.
A possessor or assignee of a note who is not a holder in due course takes the note with any and all rights of the previous assignors but subject to all of the defenses that the promissor may have as against the prior assignors. General Statutes Sec. 42a-3-305.
The holder of a promissory note, whether that holder CT Page 2622 be a holder in due course or otherwise, has the benefit of the security to secure that note whether actually assigned or not. See id. Security follows the note. See Linahan v. Linahan,131 Conn. 307, 318-19, 39 A.2d 895 (1944). "Since the debt is, in the view of a court of equity, the principal, and the security upon the land merely the accessory, a transfer of the mortgagee's rights, an `assignment of mortgage,' as it is usually termed, is in effect a transfer of the debt, with its attendant security." H. Tiffany, Law of Real Property, Sec. 1448 (3rd ed.).
Accepting the pleading as the pleadings presents itself, the court finds that a course of action is set out. There is jurisdiction over the subject matter, the parties and the process has been met. Therefore, the defendant's motion to dismiss is denied.
It is so ordered.
JOHN F. WALSH, J.