[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION AND MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is a motion to dismiss the plaintiff's appeal from probate because the court lacks jurisdiction over this untimely appeal. It was commenced more than thirty days from the date of the Probate Judge's decision complained of. Because the court finds that timely notice was given by the Probate Judge who rendered the decision on June 29, 1995, and it was timely received on July 5, 1995, within the appeal period by the plaintiff's attorney, yet no appeal was filed until August 8th, the motion to dismiss is granted.
On June 29, 1995, the Naugatuck Probate Court issued a decree that Marcia Gail Buster's election to her widow's CT Page 715 statutorily enforced share of her husband's estate was untimely, and denied the petitioner's application to extend the 150 day time limit for making such an election.
Counsel for the appellant concedes receiving notice of the judgment of the Probate Court on July 5, 1995, which leads the court to the inferential finding that notice of the court's decision was given by at least July 5, 1995.
Not until August 8, 1995, did the appellant file an appeal of the Probate Court's denial of her election of statutory share to the Superior Court, more than thirty days from the date of such notice and from the date of decree.
An appeal of an order, denial or decree of a Probate Court by those of the age of majority who are present or who have legal notice to be present, shall be taken within thirty (30) days. General Statutes § 45a-187. This statute is subject to the implied requirement that the court give timely notice of its decree before the appeal period becomes operative. Kron v.Thelin, 178 Conn. 189, 197, 423 A.2d 857 (1979).
It has been held that the thirty (30) day appeal period runs from the day on which the decree entered on June 29, 1995.Willard v. McKone, 155 Conn. 413, 421, 232 A.2d 322 (1967). However, this holding has been later modified to read constitutional due process considerations into the operation of the statute where notice of the court's decision is not timely given. The date of giving notice of the decision by the Probate Court triggers the running of the thirty day appeal period given by the court[1]. In deciding Kron, the Supreme Court took pains to say:
 In holding that the statutory appeal period does not commence until the court gives notice of its decree, we do not intend to be construed as holding that a prospective appellant must receive notice of the decree; the sending of notice by the court is what the statute, as we construe it, and due process require. See Vecchio v. Sewer Authority, 176 Conn. 497, 408 A.2d 254 (1979)."
Kron v. Thelen, supra, 178 Conn. 197 n. 3.
The appellant appealed to the Superior Court from the CT Page 716 decision of the Naugatuck Probate Court's final decision on August 8, 1995.
Within 30 days of the filing of an appearance in the Superior Court, the appellee timely moved to dismiss the plaintiff-appellant's appeal as untimely. See: Practice book § 142; Phinney v. Rosgen, 162 Conn. 36, 41, 291 A.2d 218 (1971);Heiser v. Morgan Trust Co., 150 Conn. 563, 566, 192 A.2d 44
(1963).
Appellant's contention that in an appeal of a Probate Court decision to the Superior Court that the thirty day appeal period runs from the date of receipt of the decision is legally incorrect, where notice was given by the court of its decision within a reasonable time of the decision within the thirty days running from the date of the decision.[2]
The motion to dismiss is granted. The appeal before the court was not timely brought.