[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PROBATE APPEAL
The plaintiff, Henry Coppola (Mr. Coppola) has appealed the decision of the Probate Court, Tobin, J., denying his second motion for reconsideration of a decree allowing the final account CT Page 10438 of Florence A. Coppola (Mrs. Coppola), the Administratrix of the Estate of Anthony M. Coppola. Notice of the entry of the decree approving the final account was never sent by the Probate Court to Mr. Coppola or his attorney. (Stipulation of Facts, ¶ 9.) The sole issue before the court is whether the failure of the Probate Court to send notice of its decision to Mr. Coppola requires that the Probate Court set aside its decision and schedule a new hearing.
Mr. Coppola argues that the Probate Court violated his constitutionally guaranteed right to due process of law when it failed to give him notice of its decree accepting and approving the final account of the Administratrix of the Estate of his son, Anthony M. Coppola. The plaintiff argues that "[w]hile the Connecticut Probate Practice Book does not specifically call for notice to be given of the entry of a decree accepting a final accounting, the Connecticut Supreme Court has implied such a requirement" in Kron v. Thelen, 178 Conn. 189, 423 A.2d 857
(1979). (Plaintiff's Reply Memorandum, p. 5.)
General Statutes § 45a-187 (formerly, § 45-289) states in relevant part that an appeal of any order or decree of the Probate Court "by those of the age of majority and who are present or who have legal notice to be present, shall be taken within thirty days." In Kron v. Thelen, 178 Conn. 190, counsel for the plaintiff was present at the hearing on the final accounting of the will of her deceased husband. Following the hearing, the court reserved decision on the accounting. Id. About three weeks later, counsel for the plaintiff "phoned the Probate Court office and inquired as to whether any action had been taken on the accounting." Id. Her lawyer "was informed, erroneously, that no action had been taken" and as a result a timely appeal was not filed. Id. The Supreme Court recognized that while §45a-187 "does not specifically require the probate court to notify interested parties of its decision, for the right to appeal to have any meaning a prospective appellant must have either active or constructive notice that a decision has been reached, and that due process requires that all persons directly concerned with the result of an adjudication be given reasonable notice." Striebeck v. Ackerson, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 033531 4 CONN. L. RPTR. 545 (May 2, 1991, Fuller, J.), citing Kron v. Thelen,178 Conn. 192-193.
However, "[e]ach case turns on its own facts." Striebeck v.Ackerson, Superior Court, Docket No. 033531. In Striebeck v.CT Page 10439Ackerson, Superior Court, Docket No. 033531, the Court announced its decision at the end of the hearing on the final accounting and gave notice to counsel of record, namely the attorney for the estate who was the only attorney who appeared at the hearing. The Court declined to extend the holding of Kron v. Thelen to the case before it because the plaintiff, a beneficiary under the decedent's will, "had proper notice of the hearing which provided her with an opportunity to be heard or have counsel appear on her behalf, but having failed to exercise her right to intervene in the proceedings she cannot argue ex post facto that she must be given notice of the probate court's decision." Id.
Similarly, in this case, Mr. Coppola had notice of the hearing scheduled for June 28, 1995 on the Final Account. (Stipulation of Facts, ¶ 6.) In addition, Mr. Coppola's attorney, Paul D. Shapero, J. filed an appearance on July 11, 1995 on Mr. Coppola's behalf with the Probate Court and thereafter received copies of the Final Account. (Stipulation of Facts, ¶ 8.). Although Mr. Coppola had notice of the approval of the final account before the thirty day appeal period ended on July 28, 1995, he did not file an appeal. Therefore, Kron should not be extended to cover the situation here. The appeal of the Probate Court's decision to deny Mr. Coppola's second motion for reconsideration of the decree accepting and approving the final account is dismissed.
KARAZIN, J.