[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The apportionment defendants Burger King Corporation and C L Connecticut Restaurant, LLC. have filed a motion to strike the amended complaint filed by the plaintiff Stephen Jones which asserts a negligence claim against the apportionment defendants. The apportionment defendants assert that the amended complaint should be stricken because it was not filed within sixty days of the return date of the apportionment complaint as required by General Statutes § 52-102b(d). The plaintiff argues that he should not barred from filing the amended complaint even though it was not filed within sixty days of the return date of the apportionment complaint because he received insufficient notice of the filing of the apportionment complaint.
The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. See Practice Book § 10-39. "The role of the trial court is to examine the complaint, construed in favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action." Dodd v. Middlesex Mutual AssuranceCompany, 242 Conn. 375, 378 (1997). Although a claim that an action is barred by the lapse of the statute of limitations may not be raised by a motion to strike, a statutory time limit which constitutes a condition attached to the statutory cause of action may be asserted by a motion to strike. Forbes v. Ballaro,31 Conn. App. 235, 239-240 (1993). The right established by General Statutes § 52-102b to apportion damages in a negligence action did not exist at common law and the time limits for asserting claims under the apportionment statute are limitations on the right itself. The failure to comply with these statutory time limits may therefore be raised through a motion to strike. CT Page 1492
General Statutes § 52-102b establishes the procedure whereby a defendant in a negligence action may serve an apportionment complaint on a person not a party to the action, see subsection (a), and a plaintiff may assert a claim against the apportionment defendants, see subsection (d). Section52-102b(d) specifically provides that "Notwithstanding any applicable statute of limitation or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section,
assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint." (Emphasis supplied.) Section 52-102b(a) states that "The defendant filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the Superior Court on or before the return date specified in the apportionment complaint."
It is undisputed in this case that the plaintiff did not file his amended complaint asserting his claim against the apportionment defendants within sixty days of the return date of the apportionment complaint. The defendant Chapel Square Mall of New Haven, Inc. (hereafter Chapel Square Mall) filed two apportionment complaints in this action; one against the apportionment defendants Burger King Corporation and C L Connecticut Restaurant, LLC. with a return date of June 15, 1999 and the second solely against the apportionment defendant C L Connecticut Restaurant, LLC. with a return date of July 13, 1999.[1] The plaintiff filed his amended complaint against the apportionment defendants on November 9, 1999.
It is also undisputed that neither the plaintiff nor his attorney was served with a copy of either apportionment complaint by the defendant Chapel Square Mall. There is no certification on the apportionment complaints showing service on plaintiff's counsel despite the requirement of Section 52-102b(a) that the defendant Chapel Square Mall serve a copy of the apportionment complaint on all parties to the original action in accordance with the rules of practice of the Superior Court on or before the return date specified in the apportionment complaint. See Practice Book §§ 10-12 and 10-13. The sheriff's returns for the apportionment complaints also do not show service upon the plaintiff. CT Page 1493
Plaintiff's counsel states that he first received notice of the filing of the apportionment complaints when he received a copy of the appearance and answer of the apportionment defendants which are dated October 13, 1999 and which were filed with the court on October 15, 1999. He asserts that, in light of the lack of notice to him of the apportionment complaints, the plaintiff's amended complaint asserting his claim against the apportionment defendants was timely filed on November 9, 1999.
The issue of whether the filing of the plaintiff's amended complaint was timely depends on the proper interpretation of language of General Statutes § 52-102b. "The process of statutory interpretation involves a reasoned search for the intention of the legislature. As with any issue of statutory interpretation, our initial guide is the language of the statute itself. Furthermore, we interpret statutory language in light of the purpose and policy behind the enactment. Finally, in seeking to ascertain the intent of the legislature . . . we are guided by the golden rule of statutory interpretation that the legislature is presumed to have intended a reasonable, just and constitutional result." (Citations omitted; internal quotation marks omitted.) Kudlacz v. Lindberg Heat Treating Co.,250 Conn. 581, 587 (1999).
Section 52-102b requires that the plaintiff assert his claim against the apportionment defendants within sixty days of the return date of the apportionment complaint that is served upon him in accordance with the Practice Book rules. The failure to serve plaintiff's counsel with a copy of the apportionment complaint as required by Practice Book § 10-12 tolls the running of the sixty day period. Boland v. Frye, Superior Court, judicial district of Hartford/New Britain at New Britain Docket No. CV97-0483093S (Oct. 8, 1998) (Leheny, J.). See also Kudlaczv. Lindberg Heat Treating Co., supra, 250 Conn. 581 (the Supreme Court construed the ten day appeal period prescribed by §31-301 (a) to include a tolling provision for the benefit of a party who wishes to appeal if that party can establish that, through no fault of his own, he did not receive notice within ten days of the date that notice was sent.) To conclude otherwise would produce an unreasonable and unfair result that could not have been within the contemplation of the legislature when enacting Section 52-102b. "Fundamental tenets of due process . . . require that all persons directly concerned in the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses." Kron v. Thelen, 178 Conn. 189, CT Page 1494 193 (1979).
Accordingly, the motion to strike the plaintiff's amended complaint is hereby denied.
BY THE COURT
Judge Jon M. Alander