[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the decision of the Family Support Magistrate of August 17, 1999 dismissing the paternity petition brought against the defendant by the State of Connecticut on behalf of the mother of the minor child. The action was commenced by verified complaint dated May 27, 1999 alleging that the defendant was the father of the minor child and had refused or neglected to provide support. The sheriff's return indicates that service was made at the usual place of abode of the defendant, CT Page 2160 221 Sisson Avenue, Apartment 214, Hartford, Connecticut and that process was left with the defendant's cousin. In a supplemental return, the deputy sheriff who served the papers verified that the defendant was a resident in the premises. The magistrate dismissed the petition for insufficient service, having found that the service was made on the defendant's cousin.
In a civil action, process must be served by leaving a true and attested copy of it with the defendant or at his usual place of abode. Connecticut General Statutes, § 52-57(a). In actions concerning child support other than actions for dissolution of marriage, service can also be made on the defendant's employer, either by certified mail or by personal service on the employer. Connecticut General Statutes, § 52-57(f). The statutory provision for abode service is constitutional. Smith v. Smith,150 Conn. 564, 569 (1962); Weil v. Miller, 185 Conn. 495, 502 (1981). The sheriff's return is prima facie evidence of the facts stated therein, Jenkins v. Bishop Apartments, Inc., 144 Conn. 389, 390
(1957), and there is a presumption that the matters stated in the return are true. Standard Tallow Corporation v. Jowdy,190 Conn. 48, 53-54 (1983).
The question, then, is whether abode service, which is sufficient in itself, is somehow invalidated because the process was left at the defendant's abode but delivered to a cousin rather than simply left in the premises. It is not. In this case, the magistrate simply assumed that the service was invalid, and dismissed the case without making factual findings that the defendant was deprived of notice and an opportunity to be heard. There is nothing in the record to suggest that the process served at the defendant's place of abode was somehow misdirected by having been left in the hands of his relative. The magistrate exceeded his authority in dismissing the case.
The judgment of the magistrate dismissing the case is reversed, and the case is remanded to the magistrate for further proceedings in accordance with this decision.
BY THE COURT,
Greundel, J, CT Page 2161