[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS
The issue is whether to grant the defendants' motion to dismiss the plaintiffs appeal of the decision of the defendant Irwin L. Langewisch, the tree warden of the city of Milford. The plaintiff, Nicholas A. Riggione, served his appeal on December 27, 2000, against Langewisch and the Tree Commission of the city of Milford. The complaint alleges that, on or about November 17, 2000, a tree, located on the plaintiffs property at 417 Gulf Street, was posted by the tree warden for removal upon the request of the plaintiff. A hearing on the removal of the tree was held on December 6, 2000. On December 11, 2000, the tree warden issued his decision in which he declined to remove the tree, but instead noticed his intention to remove a hedge in the front of the plaintiffs property. The plaintiff alleges that the defendants, in making their decision, acted arbitrarily and illegally and in abuse of their discretion.
The defendants have moved to dismiss the plaintiffs appeal for lack of subject matter jurisdiction on the ground that the plaintiff failed to appeal the decision within the ten day period required by the statute. The plaintiff objects to the motion to dismiss arguing that the notice of the decision which was postmarked December 17, 2000, was not received by the plaintiff until December 19, 2000 and, therefore, his appeal is timely.
The statute, in relevant portion, provides: "Within three days after [the] hearing, the tree warden shall render his decision granting or denying the application, and the party aggrieved by such decision may, within ten days, appeal therefrom to the superior court for the judicial district within such town or borough is located." General Statutes §23-59.
This court notes that the issue before it is one of first impression. Because the statute is silent on this issue, the court will look for guidance from comparable statutes and decisions. There are numerous decisions in which the courts have held that the time period for filing an appeal or motion commences on the date that notice is sent and not. on the date that a decision is rendered. Kron v. Thelen,178 Conn. 189, 193, 423 A.2d 857 (1979) (holding that the appeal period for probate decisions commences on the date the probate court sends notice); Mary Catherine Development Co. v. Glastonbury,42 Conn. App. 318, 323, 679 A.2d 52 (1996) (holding that the appeal period for decisions of the municipality's board of tax review commences on the date the notice of decision is sent); Federal Ins. Co. v. Gabriele,54 Conn. App. 459, 462, 735 A.2d 368 (1999) (holding that the four CT Page 5580 month period for opening a motion to open or set aside commences on the date the notice was sent); and Kulig v. Crown Supermarket, 250 Conn. 603,604-5, 738 A.2d 613 (1999) (holding that the ten day period for appealing a decision of the workers' compensation commissioner to the compensation review board commission begins on the date notice is sent). No case has come to the court's attention, however, in which a notice was postmarked on a date after the defendant claims it was sent. In the present case, the defendant Langewisch submits an affidavit in which he attests that he personally dropped the notice in a mailbox on December 12 or 13. In his affidavit, the plaintiff includes a copy of the envelope that contained the tree warden's notice, which is postmarked on December 17. This court must decide whether the ten day time period to appeal was tolled due to the delay in time between the date the defendant sent the notice and the date it was postmarked by the post office.
"[I]t is a principle of natural justice of universal obligation, that before the rights of an individual be bound by a judicial sentence he shall have notice . . . of the proceedings against him. . . . Fundamental tenets of due process, moreover, require that all persons directly concerned in the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses." (Citations omitted; internal quotation marks omitted.) Kron v. Thelen, supra,178 Conn. 193. As noted above, our courts have previously held that notice that conforms with the constitutional requirements of due process has been deemed to be the date on which notice of the appealable decision is sent to the party who may wish to appeal.
The defendants argue that, if the legislature intended for an appeal such as the present one to stand, it would have included phrases such as "after mailing" or "after receipt" within the language of the statute such as it has done in other statutes like General Statutes § 8-8 (b) ("within fifteen days from the date that notice of the decision was published. . . .") and General Statutes § 4-183 (c) ("[w]ithin forty-five days after mailing of the final decision . . . or, if no mailing, within forty-five days after personal delivery. . . ."). The defendants, however, fail to recognize the many cases in which the legislature was silent and the courts stepped in to interpret. We cannot expect the legislature to anticipate the countless factual situations that may present themselves and so it is often left to the courts to interpret the meaning of particular statutory language within the boundaries of legal and constitutional requirements.
The plaintiff argues that the court may interpret the language of the statute to mean that the appeal period commences when notice of the appealable decision is received. This court declines to make such an interpretation. "Such a holding would create undue delay and difficulties CT Page 5581 in proving receipt by the party wanting to appeal." Conaci v. HartfordHospital, 36 Conn. App. 298, 303, 650 A.2d 613 (1994). Likewise, difficulties arise in proving the date on which the notice was mailed by the defendant Langewisch who attests that he sent it on one of two days. The court believes the most reliable date to begin the appeals period is the date of the postmark appearing on the envelope in which the notice was mailed to the plaintiff. That date is December 17, 2000. The plaintiff appealed the decision on December 27, 2000. This date is within the ten day time period prescribed by statute, and for this reason, the plaintiffs appeal is timely. The defendant's motion to dismiss, therefore, is denied. _________________________ MORAN, JUDGE