## Denslow *v.* Moore.

1805.

In the Court below,

HANNAH MOORE, heir at law of Keziah Barber, deceased, *Appellant ;* REUBEN DENSLOW, devisee of Keziah Barber, *Appellee.*

<div style="float:left">

A recital prefixed to a judgment of the Superior Court, in these words, " Appeal from a decree of a Court of Probate, held at H. in the District of H. on the — day of — approving the last will and testament of A. B.," shews, sufficiently, what decree of the Court of Probate was appealed from,

After trial of an appealed case upon the merits, it is to be presumed, that the appeal was taken within the time limited by law.

A finding of the Court, that a will

</div>

ON an appeal from Probate, the reasons assigned were,

1. That the pretended will of Keziah Barber contains a devise of real estate, and was not subscribed by three witnesses signing in the presence of the testator.

2. That Reuben Denslow, the sole devisee, " did, by " threats and flattery, induce and coerce Keziah Barber to " subscribe and execute the writing claimed to be her last " will."

The first of these reasons was found in favor of the appellee, and the second in favor of the appellant, the finding being expressed in the words of the assignment. The decree of the Court of Probate was thereupon disaffirmed.

The judgment of the Superior Court was introduced, by a recital, in the following words : " Appeal from a decree " of a Court of Probate, held at Hartford, in the District " of Hartford, on the 8th day of June, 1801, approving " the last will and testament of Keziah Barber, late of " Windsor, deceased. This case comes to this Court, by " the appeal of said Hannah Moore, sister and sole heir at " law of said Keziah Barber, from the decree of said Court

was duly signed and attested, does not oppugn a finding, that it was unduly obtained.

A finding that " C. D. did, by threats and flattery, induce and coerce A. B. to subscribe and execute the writing, claimed to be her last will," is sufficient.

" of Probate, approving the said will of said Keziah ; said " appeal being taken by said Hannah, while said parties " were both present at said Court of Probate."

The errors assigned were,

1. It doth not appear what decree of the Court of Probate was appealed from, nor that the decree disaffirmed was the same as that from which the appeal was taken.

2. It doth not appear that the appeal was taken within the time limited by statute.

3. The will ought to have been established, because the Superior Court found that it was duly executed.

4. The allegation in the reasons of appeal which was found to be true, and the finding of the Court thereon, were insufficient.

*Bradley*, for the plaintiff in error.

1. The record of the decree of the Court of Probate, from which this appeal was taken, makes no part of the record of the Superior Court ; and the time of passing the decree, appears no otherwise, than in the recital to the judgment of the Superior Court.

The facts, stated in this recital, were not averred, and, therefore, not admitted, traversed, or proved ; and could not have been directly found by the Court. Besides, the office of recital is not to supply the want of averment, but merely to answer the purposes of reference and connexion.

In such a state of the record, the Superior Court seemed to have nothing to act upon ; to have no case before them. It is believed to be a usage, in all cases of appeal, and writs of error, that the record of the Court below should make a

part of the record of the Court above. In the case of a writ of error, for error in fact, the record below is made part and parcel of the writ of error, although it does not, in any respect, evidence the matter of fact, complained of as ground of error. The wisdom of a rule, if not discovered earlier, is generally seen in a departure from it. How shall the judgment, from which the appeal was taken, or which may have been reversed, be otherwise known ? There may have been two judgments between the same parties, in the same Court. In this very case, there may have been a different will of the same testatrix, approved by the same Court of Probate, or a different testatrix of the same name, and both wills may have been approved by the same Court of Probate.

In these cases, as in those of the pendency of one suit, pleaded in abatement of another suit, or a former judgment pleaded in bar of a suit, parol testimony would not be received ; and the question, whether for the same matter, cause and thing, is to be determined only by inspection of the records.

2. It does not appear by this record, otherwise than by the recital to the judgment, that this appeal was taken within the time limited by statute ; and if it was not, the party had no right to it, and what is of more consequence, the Superior Court had no right to take cognizance of it. Here, the authority of the Court is restricted by statute ; and this case is different from those, where the Court has general jurisdiction, and no want of authority, though there may be, at the same time, a privilege to the party of ex-empting himself from that jurisdiction by plea. But it was not necessary for the plaintiff in error to plead this matter, because omitting to do it could not give jurisdiction to the Court, beyond the provisions and limitations of a statute.

It is as necessary for a person making application to a Court of justice, to set out such facts, that the Court may

perceive they have authority to grant relief, as it is for him to shew, that his cause is of such a nature, that he ought to be relieved. This, in the case at bar, the appellant has neglected to do.

3. It is found, by the Superior Court, that this will was executed by the testatrix, and subscribed by three witnesses, signing in her presence. It is the constant practice of a Court of Chancery, in England, and has been the practice ever since the case of *Powis* v. *Andrews*, cited in *Bennet* v. *Vade*, (*a*) when a question arises of fraud in obtaining a will, to make up the issue *devisavit vel non*, and send it to a court of law for trial.

In like manner, under this issue of *executed or not*, these questions were properly examinable, whether the testatrix had *animum testandi*, and gave her assent freely, without fraud or duress. And this issue having been found in favour of the plaintiff in error, judgment ought to have been for him.

4. The finding of the Superior Court, upon which they founded their judgment, is that the plaintiff in error " did, " by threats and flattery, induce and coerce the said Keziah " to subscribe and execute said writing, claimed to be her " last will."

It is admitted, that fraud or duress, in obtaining a will, is sufficient ground, on which to set it aside ; but we contend, that stronger proof should be required in that case, than in the case of a deed, because a will does not take immediate effect, and is revocable, but a deed is not so ; and if a will has not been revoked, when there has been opportunity to do it, as in the present case, it is very convincing evidence, that it was fairly obtained. (*b*)

The word flattery is deemed insignificant and idle.

(*a*) 2 *Atk.* 324.
(*b*) 2 *P. Wms.* 270, *James* v. *Greaves.*

The grossest flattery does not amount to the legal idea of fraud. But there is a species of flattery, which arises from a delicate tenderness for the feelings of a friend, who may have slight faults, or an excess of pride ; and such may be the kind here intended.

The further words, used in this finding of the Court, " did by *threats* induce and coerce" do not necessarily import any duress, or that any thing unlawful was contemplated or threatened. (c)

The threats intended by the appellant in his reasons, and recognized by the Court, might have been merely of withholding some act of generosity and munificence, which the plaintiff in error might have been in the habit of bestowing on the testatrix. Suppose the plaintiff in error had told this testatrix, that he would collect of her such monies as she owed him, or that he would discontinue such support and maintainance as he had before conferred upon her, unless she would make this testament in his favor, might she not afterwards say, in the words of this finding, you have, by threats, induced me to make this testament ? And yet will any person say it would not be a valid testament ? This finding is uncertain ; it is not issuable ; and, at best, is but an inference of law, without any finding of the circumstances of fact, which constitute the duress. (d)

Judgment, in this case, does not cure the insufficiency of these averments.

A verdict may cure mere matters of form ; but no matter of substance is to be presumed in support of a verdict or judgment—but what is necessarily implied in the facts found. (e)

(c) 1 *Black. Com.* 131.   2 *Bac. Abr.* 156, 7.
(d) 2 *Root* 476, *Bull* v. *Bull.*   4 *Burr.* 2455, *Bertie* v. *Pickering.*
(e) *Doug.* 683, *Rushton* v. *Aspinall.*   1 *Term Rep.* 145, *Spieres* v. *Parker.*

*Ingersoll* and *Daggett*, for the defendant in error.

It is contended for the plaintiff in error, that it is uncertain *what decree* of the Court of Probate was disaffirmed.

The answer is, that it sufficiently appears, from viewing the whole record, a decree is complained of, disaffirming the decree of the Court of Probate, passed on the 8th of June, 1801, approving the will of Keziah Barber. It is difficult to see how the Court below could have been more minute, without unnecessary averments.

If, however, the judgment of the Superior Court was rendered without the whole record's being before them, the party complaining should have alleged a diminution, and had the whole brought before the Court.

Again, If the judgment of the Superior Court did not relate to Keziah Barber's will, the plaintiff in error cannot complain. He, upon that supposition, has not been injured ; and if not, he cannot bring a writ of error.

2. It is objected, that it does not appear, that the appeal was taken in due time.

If the plaintiff in error would have availed himself of any want of jurisdiction in the Court, on that account, he should have pleaded the matter in abatement, or in bar. Instead of that, he meets the appellant upon the merits of the decree. It is now too late to say, that the appeal was not taken according to the provisions of law. The statute of limitations should have been pleaded, that the appellant might have replied matter in avoidance thereof.

3. Another objection suggested is, that the Court found one part of the issue in favor of the plaintiff, to wit, that the will was duly executed.—By inspecting the record, it appears, that the finding of the Court is only that the will

D

1805.

DENSLOW
*v.*
MOORE.

was executed by the testatrix, and witnessed by three witnesses. This cannot oppose the fact, that it was induced and coerced by flattery and threats.—They are consistent allegations.

4. The leading objection, however, is, that the fact found by the Superior Court did not warrant the decree which they passed, disaffirming the decree of the Court of probate.

This fact is, that the testatrix was induced and coerced to make the will by flattery and threats. It is said, that this finding is too vague, and indefinite, and contains no issuable matter.

If, indeed, such was the allegation of the appellant in his reasons, it was the duty of the appellee, to have demurred, on that ground, and prayed the Court that he might not be bound to make further answer thereto. Instead of adopting that course, he says, I will try the question of fact with you. —It is found against him.—He now asks to say that, on a writ of error, which, upon the principle assumed, he should have said, on a demurrer. Still it is conceded, that if nothing is found by the Court, the judgment disaffirming the decree was erroneous. The finding is, that the will was procured by threats and flattery.—Threats and flattery there may have been, which ought to destroy the will. Were not these of that nature? It is safe to say, that they were, or the Court would not have followed their finding with a judgment of disaffirmance. The alternative proposed by the plaintiff's counsel is, that the Court below should have detailed the evidence, by which they came to the result. This, it is believed, is never done in cases of this description. If the Superior Court, upon the issue found by these pleadings, had admitted any testimony, which, in point of law, was improper or irrelevant, an objection might have been taken, and a bill of exceptions filed. It is, then, to be presumed no such testimony was received.

The objection now taken would be equally valid against a finding of the Court, that a will was obtained by duress or fraud; and yet it has never been thought, that such allegations were not sufficient in assigning reasons for setting aside a will. In Great-Britian, these questions are settled upon the most *general* issue imaginable, viz. *Devisavit vel non.* Can there be a reason, then, why the course taken in this case should be deemed erroneous? A very common issue is, whether the testator was *compos mentis*, either from idiocy, or insanity. These issues are liable to all the objections urged against this. Indeed, the course now pursued must be adhered to, or the Court below must send up to this Court the testimony, upon which their opinion was formed; but this is done only by special verdicts; and in questions regarding wills it would be impracticable.

*Enoch Perkins*, in reply.

The principal objection to the judgment of the Superior Court, is, the insufficiency of the allegation, which the Court have found, and on which the decree of the Court of Probate was disaffirmed. By this judgment of the Superior Court, a solemn instrument, proved and approved by a Court of competent jurisdiction, is set aside. In all such cases, the facts, on which the judgment is founded, ought to be set forth, that the opposite party may be prepared to defend; and that the Court may judge of the sufficiency of these facts. Such allegations, as the present, can answer neither of these purposes.—Suppose such an allegation as this set up, by way of plea, to a suit on a bond, or by way of petition in chancery, to be relieved against a deed; it must be adjudged insufficient. No case has been produced, on the other side, and it is presumed none can be produced, where such an averment has been held sufficient. It is not alleged, that any fraud was practised; that the testatrix was in any way deceived. The expression, that the testatrix was induced by flattery, is vague and trivial; and contains no ground for setting aside a will. And as to

1805.

DENSLOW
*v.*
MOORE.

1805.

DENSLOW
v.
MOORE.

the allegation of threats, it is essentially defective ; because it is not alleged, that any thing *unlawful* was threatened. Threats may be lawful, or unlawful. Where a threat is lawful, it is no ground for setting aside any instrument. The idea of setting aside instruments, on account of duress, has never been carried further than threats of unlawful violence to person or property. (*f*)

The counsel for the defendant in error have said, that, when insanity is the ground of setting aside a will, the averment is, that the testator was insane at the time of making the will ; but the circumstances, which constitute the evidence of insanity, are not set forth in pleading ; and thence infer, that it was not necessary to set forth the threats in the present case.

This inference does not follow, because the threats are the very facts, which constitute the ground of setting aside the will ; and are not evidence of any other fact : But in the supposed case, insanity is the fact ; and any wild or incoherent conduct in the testator, is only evidence of the fact.

Again, It is said, that although it is not alleged, nor found, that the threats were unlawful, yet they might have been unlawful, and, for aught appears, were so.

Answer : Upon the principle of this argument, no declaration could be insufficient ; because, in all cases, it is possible, that there might have been facts sufficient to support the claim. The principle is, facts sufficient to support the judgment, must be set forth—must appear ;—and if such facts do not appear, the judgment must be reversed. And the assumption of the principle above alluded to, is a tacit acknowledgment that no facts do appear, which can support the judgment complained of, in this writ of error.

By THE COURT, unanimously, the judgment was affirmed.

(*f*) See to this purpose 3 *Pow. Con.* 160.

1. The decree of the Court of Probate, from which the appeal was taken, is sufficiently ascertained, by the finding of the Superior Court. To have gone into a further detail, would have been, both unprecedented, and useless. But if otherwise, and the whole record was supposed not to be before the Court, it was the duty of the plaintiff in error, to have taken notice of this, by alleging a diminution of the record, and had the whole brought before the Court. If, however, the exception is well founded, the reversal can have no operation on the will ; and, of course, the defect can work no injury to the party complaining.

2. Whether the appeal was taken within the time limited by the statute, was a question of fact ; and if relied on, should have been pleaded in abatement. This not having been done, the legal presumption is, that the fact was otherwise ; and it affords no ground of complaint, that the time when the appeal was taken, does not appear by the decree. If it was incumbent on the plaintiff in error to have made this question, its not having been made, must be imputed to his own neglect, and constituted no error in the judgment of the Court.

3. The Court found, that the will was executed by the testatrix, subscribed by three witnesses, all signing in her presence.

From these facts, it does not follow, that the will was legally made, and ought to have been established. The position, taken by the plaintiff in error, with regard to this point, rests in mere form ; and, if adopted, would, in all cases of this kind, preclude the Court from an inquiry respecting any fraudulent practices in procuring the execution of a will.

4. The Court having found, that the devisee under the pretended will, did, by threats and flattery, induce and *coerce* the testatrix to execute the same, furnishes sufficient ground for setting aside the will. The term, *coerce*, gives an unequiv-

1805.

DENSLOW
v.
MOORE.

ocal meaning to the words, *threats* and *flattery*, and shews clearly, that they were unlawful, and designed to procure the execution of a will, which, it is to be presumed, could not have been obtained without them. The meaning of these words being thus obvious, it was not necessary for the Court to find it in terms. The facts found warrant the judgment. To have found further, that the threats and flattery were unlawful, would have been to find a legal inference, and only giving an exposition of the meaning of the terms.