RUTH A. F. ROSOW *v.* ARTHUR KLEIN, EXECUTOR (ESTATE OF MORRIS F. FRANKEL), ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 94340
AT NEW HAVEN

Memorandum filed January 17, 1961

*Howard M. Werner,* of Hartford, for the plaintiff.

*Frederic M. Klein,* of New Haven, for the defendants.

DEVLIN, J. On October 19, 1959, the Probate Court for the district of New Haven entered a decree admitting the will of the deceased, Morris F. Frankel. The only listed heirs at law were a brother and sister resident in this state. They signed a waiver of notice of hearing in accordance with General Statutes § 45-167.

On October 28, 1959, the executor wrote to the plaintiff, a niece residing in Florida, notifying her of the admission of the will and enclosing a waiver of notice to be signed and returned. A second request went unanswered, but on December 30 the present attorneys notified the executor that they were representing the plaintiff and requested a copy of the inventory and a list of the claims filed.

The present appeal was filed within twelve months, and the plea in abatement attacks this upon the ground that it should have been brought within one month after receipt of actual notice, reliance being placed upon the second section of General Statutes § 45-291, which provides: "Any executor . . . of an estate may cause written notice of any order, denial or decree of the court of probate concerning such estate to be given to any person of full age . . . who has not had legal notice of the hearing on the proceeding at which such order, denial or decree was passed . . . in which case such person . . . may appeal only within one month after the receipt of such notice by him."

The time of taking appeals is governed by General Statutes § 45-289, which provides: "All such appeals by those of full age and present or who have legal notice to be present, shall be taken within thirty days, and, if they have no notice to be present and are not present, then within twelve months."

The term "no notice to be present" does not mean actual but legal notice to be present. *Parker* v.

*Meeks,* 96 Conn. 319, 323. And the question presented is whether this plaintiff had legal notice to be present.

General Statutes § 45-31, dealing with the question of legal notice, takes into consideration both residents and those residing outside of the state. With respect of the latter, it provides: "Courts of probate may make any proper order providing for the notice to be given to any person residing out of . . . this state . . . and the notice given under such order shall be a legal notice to such person." The theory behind the giving of notice is the affording to the party interested an opportunity to be present. No set rule of time or method can be made in the case of nonresidents, because the circumstances in each case may vary depending upon the distance to be traveled and the medium of transportation. This is recognized in the statute when it refers to "proper order." And General Statutes § 45-30 provides for the giving of this notice by the judge, the clerk or the assistant clerk of such Court of Probate.

General Statutes § 45-291 also makes a distinction in favor of nonresidents by allowing them twelve months in which to appeal, where they were not present and did not have legal notice to be present.

It is the conclusion of the court that the section relied upon by the executor does not apply to nonresidents; that no order of notice was ever given by the court within the meaning of the statute as concerns nonresidents; and that since the plaintiff was not present at the hearing in question and did not have "legal notice" thereof, her appeal is properly taken within twelve months after the making of the decree.

The plea in abatement is overruled.