XAVIER SOCIETY ET AL. *v.* THOMAS J. McMANUS, JR., EXECUTOR (ESTATE OF HAZEL V. McMANUS)

BOGDANSKI, C. J., PETERS, PARSKEY, ARMENTANO and SHEA, Js.

26

Argued May 13—decision released July 21, 1981

*Frederick L. Comley,* with whom was *Robert J. Cooney,* for the appellants (plaintiffs).

*C. Harold Schwartz,* with whom was *George J. Markley,* for the appellee (defendant).

ARMENTANO, J. On November 19, 1977, the defendant's decedent, Hazel V. McManus, executed a will naming the plaintiffs and the defendant as beneficiaries. The plaintiffs are residents and non-residents of Connecticut and include both individuals and nonprofit charitable entities. The defendant is the decedent's child and only heir at law. On November 30, 1977, the decedent executed a second

will which purported to revoke all previous wills and which named the defendant as executor and sole beneficiary. The decedent died on January 21, 1978. The defendant subsequently filed a petition to admit the November 30, 1977 will to probate, naming himself as the only person interested in the estate. The Probate Court for the probate district of Newton admitted the November 30, 1977 will by a decree issued on January 31, 1978. Prior to the issuance of the decree, the defendant signed and filed a written waiver of notice of the hearing on the petition. The plaintiffs received no actual notice to be present at the hearing, did not sign and file a written waiver of notice, and were not present at any hearing.

In a letter[1] dated February 23, 1978, Attorney Alexander J. Holland notified the plaintiffs of their designation as beneficiaries under the November 19, 1977 will and of the decree admitting the November 30, 1977 will to probate. Holland previously represented the decedent and witnessed the execu-

---

[1] The plaintiffs first received notice of the Probate Court proceedings when they received the following specimen letter prepared by Holland:

"FROM THE FIRM OF
DUEL AND HOLLAND
ATTORNEYS AT LAW
283 Greenwich Avenue
Greenwich, Connecticut 06830

Specimen letter mailed to legatees u/W of Hazel V. McManus
Mrs. Philomena Healy,
83-87 258th Street,
Floral Park, N.Y.
11426.
re: *Estate of Hazel V. McManus, deceased*
Dear Mrs. Healy:

For a number of years the undersigned and Walter J. Neylon acted as Connecticut and New York counsel, respectively, for the late Hazel McManus. In that connection we prepared several Wills

tion of the November 19, 1977 will.   He was not involved in any capacity with the petition to admit the November 30, 1977 will to probate.

On January 9, 1979, the plaintiffs appealed to the Superior Court the Probate Court's decree admitting the November 30, 1977 will to probate.   They took their appeal more than thirty days, but less than twelve months, after the Probate Court issued its decree.   The defendant filed a motion to dismiss on the ground that the plaintiffs' appeal was not timely filed.   The trial court granted the motion, from which action the plaintiffs have appealed.   We find error.

---

for Mrs. McManus, a copy of the last of which documents is enclosed herewith, from which you will see that you are mentioned as a legatee in Articles THIRD and FOURTH thereof.

Mrs. McManus' son, Thomas J. McManus, Jr. presented a document dated November 30, 1977 purporting to be a later Will of Mrs. McManus, to the Probate Court for the district of Newtown on January 30, 1978, which document has been admitted to probate by said Court; a copy thereof is also enclosed.

An appeal has been taken from the admission of that later paper writing to Probate. Simultaneously, Mr. Neylon, as named Executor of the Will prepared by this firm for Mrs. McManus and dated November 19, 1977, has filed the original thereof for probate with the Danbury Probate Court, which we believe to be the appropriate jurisdiction for the administration of Mrs. McManus' estate.   It is estimated that her estate will approximate $600,000 in value.

This letter is being addressed to you in order that you may be properly apprised of the situation which has developed and which affects your interests in Mrs. McManus' estate.   You will shortly be receiving formal notice from the Danbury Probate Court of a hearing scheduled for March 14 at 11:00 a.m. relative to the admission of the Will which we have propounded for probate in that Court.

Should you require further information relative to this matter, please feel free to contact the undersigned at the above address and telephone number, or Mr. Neylon at 25 Broadway, New York, New York 10004 at (212) 344.7553.

Very truly yours,
DUEL & HOLLAND
By Alexander J. Holland"

Our statutes give persons aggrieved by a Probate Court decree admitting a will to probate the right of appeal therefrom to the Superior Court. General Statutes § 45-288. The time limitation in which an appeal must be taken is thirty days if the aggrieved person was present or had legal notice to be present at the hearing on the petition to admit the will to probate. If such person was not present and had no legal notice to be present at the hearing, then the appeal period is extended to twelve months. General Statutes §§ 45-289 (a) and 45-291 (c) (formerly §§ 45-289 and 45-291); see *Kron* v. *Thelen,* 178 Conn. 189, 423 A.2d 857 (1979). This twelve month appeal period may be reduced to one month if the executor, administrator or trustee of an estate causes written notice of a probate court decree admitting a will to probate to be given to an aggrieved person who has not had legal notice of the hearing. General Statutes § 45-291 (d) (formerly § 45-291).

If the plaintiffs were subject to the thirty day or to the one month appeal period, then there is no error in the trial court's decision to grant the motion to dismiss; the plaintiffs' appeal was filed beyond this time limitation. On the other hand, if they were subject to the twelve-month appeal period, then their appeal was timely filed, and the trial court erred.

There is no dispute (1) that the plaintiffs are aggrieved persons; (2) that they had no actual notice to be present at the hearing on the petition to admit the decedent's will to probate; or (3) that they were not present at such a hearing. In fact, the plaintiffs learned for the first time of the decedent's death, of the contents of the November 19,

1977 will, and of the decree admitting the November 30, 1977 will to probate when they received Holland's letter.

The first question is whether the plaintiffs received legal notice to be present at the hearing on the petition to admit the November 30, 1977 will to probate. In this case the Probate Court gave no notice, either personal or by publication, but merely accepted a single, signed written waiver of notice of the hearing from the defendant, the sole heir at law and the only person known by the Probate Court to be interested in the decedent's estate. See General Statutes § 45-167. Although the waiver gave legal notice of the hearing to the defendant; *VanBuskirk* v. *Knierim*, 169 Conn. 382, 384–85, 362 A.2d 1334 (1975); *Phinney* v. *Rosgen*, 162 Conn. 36, 38–41, 291 A.2d 218 (1971); without more, it cannot constitute legal notice to the plaintiffs. See *Rosow* v. *Klein*, 22 Conn. Sup. 232, 167 A.2d 925 (1961). Without this legal notice, the plaintiffs had twelve months in which to appeal.

The second question is whether the receipt of Holland's letter reduced the twelve-month appeal period to one month in accordance with what is now General Statutes § 45-291 (d). Attorney Holland was not an executor, administrator or a trustee of the decedent's estate, and was not otherwise involved with the petition to admit the November 30, 1977 will to probate. Nor did he prepare or send his letter at the request of an executor, administrator or trustee of the decedent's estate. Since he does not fit the § 45-291 (d) description of the person who must give notice of a probate court's decree, the plaintiffs' twelve month appeal period was not reduced to one month.

There is error, the judgment is set aside, and the case is remanded with direction to sustain the plaintiffs' appeal and to proceed according to law.

In this opinion the other judges concurred.