[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an appeal from the decision of the Milford Probate Court approving the final account of the executor of the estate of Helen V. Ackerson. The appellant is a beneficiary under the decedent's will. The appeal claims that the executor's final account improperly fails to include and properly distribute various stocks, bonds and securities to the appellant in accordance with the decedent's will.
The executors filed a motion to dismiss the plaintiff's appeal for lack of subject matter jurisdiction pursuant to section 143 of the Connecticut Practice Book on the ground that the plaintiff failed to take the appeal within the 30 day time limit contained in section 45a-187 (formerly section 45-289) of the Connecticut General Statutes.
When a motion to dismiss does not require facts outside the record it is equivalent to the former motion to erase, all well pleaded facts are admitted, and the complaint is construed most favorably to the plaintiff. American Laundry Machinery, Inc. v. State, 190 Conn. 212, 217. It is apparent from the appeal itself that the probate court allowed the final account on June 29, 1990. The appeal was taken more than 30 days later, and commenced when service was made on the defendants in September 1990. The parties to a motion to dismiss are entitled to introduce evidence at a hearing to establish material facts. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 56. In this case the parties filed affidavits and copies of documents from the probate court to establish material facts. Affidavits are insufficient to determine the facts unless, like a motion for summary judgment, they disclose that no genuine issue exists on any material facts. Lampasona v. Jacobs, 7 Conn. App. 639, 642; Standard Tallow Corporation v. Jowdy, supra, 56. The parties were given an opportunity for an evidentiary hearing but neither side presented evidence nor objected to the affidavits and other evidence filed by the other side. However, the right to an evidentiary hearing can be waived, and the parties have done so here, relying on the affidavits, supporting documents and briefs. Houston v. Highway Commissioner, 152 Conn. 557, 558. Moreover, there does not appear to be any material factual dispute between the parties as to the chronology of events prior to the appeal.
The plaintiff resides in Germany and was aware of the provisions of the decedent's will and that the estate was CT Page 4556 being probated in the Milford Probate Court. She retained an attorney in a law firm in Duesseldorf, Germany, Donna Shook-Wiercimok, who is admitted to practice in Germany and Massachusetts but not Connecticut. The attorney contacted the attorney for the estate, Joseph Buckley, in May 1990 and was informed about the proposed distribution of the estate, including the fact that the plaintiff was not going to receive certain stocks, bonds and securities in the estate distribution. On June 4, 1990 the probate court issued an order of notice of a hearing on the final account stating the persons to be notified of the hearing, which included the plaintiff. On June 5, 1990 the assistant clerk of the Milford Probate Court mailed a copy of the notice of the hearing scheduled for June 29, 1990 to the plaintiff. While the plaintiff's affidavit states that she did not receive a copy of the order of the probate court approving the final accounting, there is no claim that she did not receive the order of notice for the public hearing of June 29, 1990. The probate court also made a finding of notice, and it is presumed that letters which are mailed are received. Merrill, Lynch, Pierce, Fenner Smith, Inc. v. Cole,189 Conn. 518, 533. The plaintiff and her attorney had notice of the June 29, 1990 hearing, but neither the plaintiff nor anyone representing her was present at the hearing.
The plaintiff's attorney in Germany did send a letter to the probate court dated June 19, 1990 questioning three items in the proposed final account, and requested the probate judge to inquire into them. The letter did not request notice of the court's final decision, attempt to enter an appearance for the plaintiff or request any other action to be taken by the probate court either before or after the hearing. Attorney Buckley attended the hearing as counsel for the estate, and at the end of the hearing the probate judge orally accepted the final account as presented. A written confirmation of approval of the account was sent to Buckley on July 2, 1990. No written notice was given to the plaintiff or her attorney that the account had been approved on June 29. Shook-Wiercimok sent a letter by Telefax on August 3, 1990 to the probate judge asking whether any decision had been made on the three items of personal property questioned in the June 19, 1990 letter. The probate court promptly responded on August 3, 1990 that the account had been approved on June 29. That letter was received August 13, 1990 by the plaintiff's attorney. The appeal was signed August 31, 1990 by Connecticut counsel retained by the plaintiff. It was apparently filed with the probate court the same day, and mailed to the defendants together with the order granting the probate appeal on September 17, 1990. CT Page 4557
While the plaintiff did not appeal within 30 days after the decision of the probate court was announced both orally on June 29 and in writing on July 2, the plaintiff claims that the appeal was timely because it was brought within 30 days after she received actual notice of the court's decision on August 13, 1990. Whether an appeal was taken within the statutory time limit is a question of fact. Denslow v. Moore, 2 Day 12, 21 (1805). In this case the relevant dates are clear from the record. Section 45a-187 (formerly section 45-289) of the General Statutes provides in part as follows:
 (a) An appeal under section 45a-186 (formerly section 45-288) by those of the age of majority and who are present or who have legal notice to be present, shall be taken with thirty days. If such persons have no notice to be present and are not present, then appeal shall be taken within twelve months . . . .
The right to appeal from a decision of the probate court is purely statutory and the rights fixed by statute for taking and prosecuting the appeal must be met. State v. Goggin, 208 Conn. 606, 615; Exchange Buffet Corporation v. Rogers, 139 Conn. 374, 376; Bergin v. Bergin, 3 Conn. App. 566,568. The time limitation in which an appeal must be taken is 30 days if the appellant is an aggrieved person and was present or had legal notice to be present at the hearing on the matter before the probate court which is appealed, but if the appellant was not present and had no legal notice to be present at the hearing, then the appeal period is extended to 12 months under sections 45a-187 and 45a-188(c) (formerly section 45-291(c)) of the General Statutes. Xavier Society v. McManus, 185 Conn. 25, 29. The late filing of a probate appeal makes the appeal voidable but not void, Phinney v. Rosgen, 162 Conn. 36, 41; Heiser v. Morgan Guaranty Trust Co., 150 Conn. 563, 567. The motion to dismiss was filed by the estate within 30 days after it entered an appearance as required by section 142 of the Practice Book. If a motion to dismiss is filed the appeal must be dismissed if it was not taken on time. Fuller v. Marvin, 107 Conn. 354, 357,359.
The plaintiff had notice of the probate court hearing of June 29, 1990. Section 45a-124 (formerly section 45-30) of the General Statutes allows notice of any hearing in the probate court to be given by the judge, clerk or assistant clerk of the probate court. Section 45a-125 (formerly section 45-31) allows probate courts to make any proper order for notice to be given to any person residing out of the state and provides that "the notice given under the order CT Page 4558 shall be a legal notice to such person." The statute allows for flexibility as to how the notice is given and there is no set rule of time or method required in the case of nonresidents because the circumstances in each case may vary depending upon the distance to be travelled and the method of delivery. Rosow v. Klein, 22 Conn. Sup. 232, 234. In Robinson v. Guman, 163 Conn. 439, 442, where nonresident plaintiffs received the legal notice of the hearing as defined by section 45-31, they were not entitled to the 12 month appeal period, but were limited instead to 30 days by section 45-289 (now 45a-187). Since the plaintiff had legal notice of the hearing she was required to appeal within 30 days after the decision of the probate court. The time limitation for appeal in the statute applies whether or not she was informed of the right to appeal and even though she did not know the statutory requirements for probate appeals until the time for an appeal had passed. Delehanty v. Pitkin, 76 Conn. 412, 424. All that is required to limit the time to appeal to 30 days is the legal notice to parties interested in the estate, whether or not a nonresident has actual knowledge of the proceedings. Robinson v. Guman, supra, 443. Otherwise, if actual notice of the decision was required to all nonresidents, the effect of orders of the probate court would be delayed for 12 months after they were made because of the possibility that some nonresident interested in the estate did not receive actual notice. Id., 444.
The probate statutes require notice of the hearing not the decision of the probate court after the hearing. To avoid dismissal of this appeal, the plaintiff claims that post-hearing notice is required to her as a person interested in the estate, relying upon section 51-53 of the General Statutes and the decision in Kron v. Thelen, 178 Conn. 189. No probate statute requires post-hearing notice. Section 51-53(a) C.G.S. does not impose that requirement, at least where an attorney does not appear for an interested party in the probate court. The statute reads as follows:
 Whenever any court, including a court of probate, or the judge of any such court acting in any matter coming before him as a judge, makes or renders any decision, order, decree, denial or ruling, unless it is made or rendered in the presence of counsel in the matter, the clerk of the court shall immediately notify counsel, in writing, of the decision, order, decree, denial or ruling.
While this statute applies to probate court proceedings, it customarily arises in proceedings in the Superior Court CT Page 4559 where the clerk is required to give notice to counsel of record, meaning counsel who have entered an appearance for parties to the proceeding. No counsel ever appeared for the plaintiff. Attorney Shook-Wiercimok is not a member of the Connecticut Bar, could not and did not appear in the probate court proceedings, and no Connecticut attorney ever appeared for the plaintiff. The letter written by Shook-Wiercimok to the probate court did not request notice of the proceedings or attempt to enter an appearance for the plaintiff, but rather made inquiries of the court and asked it to take a close look at some of the provisions in the final account at the time of the hearing. The action taken did not impose any duty on the probate court to give post-hearing notice to either the plaintiff or her German attorney. Section 51-53(a) only requires notice to "counsel" meaning counsel of record in the proceedings, and neither the plaintiff or anyone acting on her behalf fits in that category. With equal logic it could be argued that any attorney who makes an inquiry of the Superior Court clerk's office on the contents of any civil court file but does not enter an appearance for a party must be given notice of all rulings of the court. That is clearly not the law. Section 51-53 does not apply here.
In Kron v. Thelen, supra, 197, it was held that section 45-289 was subject to the implied requirement that the probate court give notice of its decree before the 30 day appeal period became effective, and that an appeal filed within 30 days after the appellant became aware of the probate court's decree should not be dismissed. There it was recognized that while section 45-289 does not specifically require the probate court to notify interested parties of its decision, for the right of appeal to have any meaning a prospective appellant must have either active or constructive notice that a decision has been reached, and that due process requires that all persons directly concerned with the result of an adjudication be given reasonable notice. Id., 192, 193.
Where the concept of due process applies, the next question is what process is due. Barlett v. Krause,209 Conn. 352, 369. Each case turns on its own facts. In Kron, counsel for the appellant attended the hearing and the probate judge deferred his decision when the hearing concluded. About three weeks later counsel for the plaintiff telephoned the probate court and was erroneously informed that no action had been taken on the accounting, and as a result was prevented from taking a timely appeal. Kron v. Thelen, supra, 197. In this case the court announced its decision at the end of the hearing and gave notice to counsel CT Page 4560 of record, namely to Attorney Joseph Buckley, the attorney for the estate and the only attorney who appeared at the hearing. The plaintiff had proper notice of of the hearing which provided her with an opportunity to be heard or have counsel appear on her behalf, but having failed to exercise her right to intervene in the proceedings she cannot argue ex post facto that she must be given notice of the probate court's decision. Unlike Kron, the probate court would not reasonably assume that the plaintiff was expecting to receive notice of the court's decision. This case lacks the elements of an actual appearance by counsel at the hearing and misleading statements by the probate court. The probate court here would not reasonably assume that the plaintiff was a prospective appellant. Kron should not be extended to cover the situation here.
Since the appeal was not taken within the 30 day statutory time limit, the motion to dismiss is granted.
ROBERT A. FULLER, JUDGE