[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is the motion of the appellee, the Estate of Anthony J. Aiardo, that the "Court dismiss this appeal from. Probate because the appeal was not taken within thirty (30) days from the Probate Court decree."
The Motion to Dismiss should be granted.
This appeal arises from the decree of the Court of Probate, District of New Haven "denying and disallowing" the claim of the appellant, John F. Nyack, against said Estate. On February 15, 1991, the fiduciaries of the Estate, through their attorney, rejected said claim. On March 12, 1991, the appellant filed with said Court of Probate an "Application to Determine Claim." CT Page 2041
Upon due notice, hearings on said application were held on April 2, 1991, April 16, 1991 and August 16, 1991. Among others present at said hearings, including August 16, 1991, were the appellant and his attorney. At the conclusion of the hearing on August 16, 1991, and in the presence of the appellant and his attorney, the presiding Judge of Probate rendered his decision, orally, denying and disallowing the claim of the appellant.
Notice of said Court's decree dated August 16, 1991, was mailed on August 16, 1991 to the attorney of the appellant, and to the attorneys of the co-administrators of the Estate.
On December 10, 1991, the appellant filed with said Court of Probate a motion for appeal from probate; on said date, said Judge of Probate entered a decree allowing appellant to appeal the "Order and Decree . . . dated August 17, [sic] 1991, denying his claim against [said Estate]. . ." and further ordered that notice of the appeal be given by some proper officer making service "at least twelve days before December 23, 1991 and that due return be made to the Superior Court and this Court."
No appeal was taken from said decree of December 10, 1991.
On December 11, 1991, due service of the Motion For Appeal From Probate, Decree Allowing Appeal, Recognizance In Probate Appeal and Bond was made and, on December 17, 1991, said papers were returned to the Superior Court.
On January 3, 1992, "Statement of Reasons for Appeal From Probate Pursuant to Connecticut Practice Book Section 194" was filed with the clerk of this court.
The present Motion to Dismiss was filed on January 6, 1992.
In its Motion to Dismiss the Estate argues that because the court decree was entered on August 16, 1991 in the presence of the plaintiff and his counsel and the Probate Court clerk mailed notice of the decree to the plaintiff's counsel, the thirty day period within which to file an appeal commenced on that date. The Estate further argues that because the plaintiff's motion for appeal was both filed and granted on December 10, 1991, the appeal was untimely by at least eighty-four days. Accordingly, the Estate concludes that the Motion to Dismiss should be granted.
The appellant argues in opposition that: (1) the Probate Court has the discretion to allow or disallow a motion to appeal; (2) because 45a-186 provides the right to appeal to the Superior Court "any order, denial or decree of a court of probate in any matter. . ." within thirty days as provided by 45a-187, the CT Page 2042 defendant Estate should properly have first appealed to the Superior Court from the December 10, 1991 decree of the Probate Court allowing the plaintiff's appeal, and that their failure to do so allows the ruling of the Probate Court to stand pursuant to the doctrine of res judicata, and it is conclusive against them; and (3) the issue of untimeliness is a statute of limitations issue and therefore a motion to dismiss is not the proper vehicle to raise this issue.
First, there is no merit to the contention of the plaintiff that the appellee Estate is first required to appeal, within the statutory time period, the decree of the Probate Court, rendered on December 10, 1991, allowing the late appeal. It has long been settled in Connecticut that "[i]f an appeal is improperly allowed the party aggrieved may raise the question by a proper plea to the appellate court. No appeal from the allowance is necessary. . . ." Elderkin's Appeal from Probate, 49 Conn. 69, 71.
Second, in the present case the appellee has challenged the allowance of the late appeal in the proper manner, i.e., by raising a timely objection by means of a Motion to Dismiss.
"The effect of a failure to file an appeal on time is to make the appeal voidable but not void. Orcutt's Appeal, 61 Conn. 378,386. In Orcutt's Appeal, said: `The statute of appeals is principally and primarily concerned with the rights of the parties rather than with the powers of the probate court. . . In short, we think it more reasonable to hold that the statute limiting the time for taking appeals from probate is a statute of limitations in the ordinary sense, and was intended primarily and principally to limit the right of the appellant and to protect the rights of the appellee, and not to limit directly and absolutely the power of the probate court to allow an appeal after the time has passed or to affect the jurisdiction of the Superior Court over an appeal, so allowed, if not objected to in the proper way and at a proper time.' Id., 384. The appeal in this case was therefore voidable. When timely objection to it was raised by the plea in abatement, the trial court was correct in sustaining the demurrer to the special defense to the plea and in dismissing the appeal." Heiser v. Morgan Guaranty Trust Co., 150 Conn. 563, 566, 567; Phinney v. Rosgen, 162 Conn. 36, 42; Robinson v. Guman, 163 Conn. 439,442.
A motion to dismiss is the proper vehicle to utilize in order to attack the subject matter jurisdiction of the court. Practice Book 142, 143(1); Park City Hospital v. Commission on Hospitals and Health Care, 210 Conn. 697, 702, 556 A.2d 602 (1989). A motion to dismiss "essentially assert[s] that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." In re Baskin's Appeal, 194 Conn. 635, 640, CT Page 2043484 A.2d 934 (1984). A motion to dismiss admits all well pleaded facts, invokes the existing record and must be decided upon that alone. Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). Where, as in this case, the Motion to Dismiss is accompanied by supporting affidavits containing undisputed facts, "the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations in the complaint." A motion to dismiss may be granted only when it clearly appears on the facts of the entire record that the court is without jurisdiction. In re Baskins's Appeal, supra, 640.
In this present case, the relevant facts are clear from the record. The appellant was present, on August 16, 1991, when the decree disallowing his claim was orally rendered; the appellant did not file his appeal within thirty days of August 16, 1991 as required by statute. General Statutes, 45a-186, 45a-187, 52-53; Heiser v. Morgan Guaranty Trust Co., 150 Conn. 563, 566, 567; Phinney v. Rosgen, 162 Conn. 36, 39-42; Robinson v. Guman,163 Conn. 439, 442, 444; Kron v. Thelen, 178 Conn. 189, 195, 196; Xavier Society v. McManus, 185 Conn. 25, 29.
Accordingly, the Motion to Dismiss is granted on the ground that the appeal from the Probate Court decree disallowing the plaintiff's claim is untimely and has been rendered void by the appellee's timely objection thereto.
FRACASSE, JUDGE