[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an appeal from partial disallowance of an executor's fee and attorneys fees by the Fairfield Probate Court. The Probate Court decree was entered June 4, 1993. An appeal was allowed by that court on July 2, 1993, and this appeal was commenced on July 18, 1993 when it was served on the defendants. Valley Cable Vision Inc. v. Public Utilities Commission,175 Conn. 30, 33. The named defendant has filed a motion to dismiss the appeal on the ground that it was not taken within 30 days after the decision of the Probate Court.
The right to appeal from a decision of a probate court is statutory and the statutory procedures for taking and prosecuting an appeal must be followed. State v. Goggin, 208 Conn. 606, 615. A motion to dismiss can be used to challenge an appeal if it was not taken on time. Fuller v. Marvin, 107 Conn. 357, 359. Whether an appeal was taken within the statutory time limit is a question of fact. Denslow v. Moore, 2 Day 12, 21 (1805).
Section 45a-187(a) [formerly section 45-289] of the General Statutes provides in part that "an appeal under section 45a-186 by CT Page 7958-X those of the age of majority and who are present or who have legal notice to be present, shall be taken within thirty days." (emphasis added) The defendant claims that the appeal was late because it was not taken until more than 30 days after the decree of the Probate Court. The plaintiff claims that since he appealed to the Probate Court and it allowed the appeal within the 30 day time limit that it was taken on dine under section 45a-187 and it was not necessary to also serve the appeal within 30 days of the decree.
While earlier cases stated that the 30 day period for taking a probate appeal commences to run on the date the probate decree is entered, Willard v. McKone, 155 Conn. 413, 421, in Kron v. Thelin, 178 Conn. 189, 197, the Supreme Court concluded that procedural due process considerations mandated that section 45-289 [now section 45a- 187] must be construed to require a probate court to give notice of its decree before the 30 days appeal period begins to run. See also Weil v. Miller, 185 Conn. 495, 500. The defendants presented no evidence on when the Probate Court gave notice of its decree, but it is clear from the record that the motion for an appeal was granted on July 2, 1993, less than 30 CT Page 7958-Y days from the decision of June 4, 1993. Where the application for an appeal is filed with the Probate Court within the statutory time limits and is allowed by that court within the time limit it complies with section 45a-187 and is properly taken (if the appellant states his interest in the appeal and provides the statutory bond), Fuller v. Marvin, supra, 356-358. It is unnecessary to decide if an appeal allowed after the 30 day time limit may be defective. See Kron v. Thelin, supra, 195, 196; Fuller v. Marvin, supra, 358, 359. Decisions in the Superior Court have held that filing the appeal in the Probate Court within 30 days of the decree complies with the statute and that the failure of the Probate Court to allow the appeal within the 30 day appeal period does not require dismissal of the appeal. Jakaboski v. Jakaboski, 28 Conn. Sup. 49,51; Blouin v. Blouin, 6 Conn. L. Rptr. 560, 561 (1992) (Austin, J.)
Since the appeal was allowed within 30 days of the decision of the Probate Court, the fact that it was not served until after the 30 days period is immaterial, and does not effect the jurisdiction of the Superior Court to consider the appeal. Fuller v. Marvin, supra; Sargent v. Est. of Sargent, 8 Conn. L. Rptr 605 (1993) CT Page 7958-Z (Higgins, J.).
The motion to dismiss is denied.
Fuller, J.