[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
The plaintiffs, Elizabeth B. Jones and William P. Jones, Jr., have appealed to this court from an order of the Probate Court for the District of Westport, dated January 12, 1995, admitting to probate a will dated December 12, 1994, which purported to be the Last Will and Testament of the decedent, Margery Beach. The decedent died on December 12, 1994, the same day that she executed the will in issue.
In their amended reasons of appeal, the plaintiffs state the following: that the deceased, Margery Beach, was of unsound mind and memory and did not have sufficient testamentary capacity to make and execute the will in question; that the will was executed by the deceased while under the influence and control of the defendants Thomas L. Blythe, the executor, W. Glenn Major, attorney for Blythe, and Nancy Boston, the residuary legatee; that the plaintiff Elizabeth B. Jones is the decedent's step-child and only heir at law; that said plaintiff was not notified of the death of the decedent or of the hearing for admission of the will into probate; that both the executor, Blythe, who was bequeathed $200,000 in the will, and Nancy Boston, the step-daughter of the late Hart Jarvis Beach, who predeceased his wife, CT Page 4797 Margery Beach, but who is not a step-child of the decedent, failed to disclose the existence of the plaintiff and her status as an heir; that James H. Love, the guardian ad litem, either deliberately or through gross incompetence failed to seek information as to the existence of heirs-at-law and failed to disclose to the Probate Court the existence of the plaintiffs; that the plaintiff Elizabeth B. Jones was named as a beneficiary in a prior will, and was described therein as the decedent's "step-daughter;" that the executor, his attorney, the guardian ad litem and Nancy Boston all conspired to prevent the plaintiffs from appearing before the Probate Court to contest the admissibility of the will; and that William P. Jones, Jr., a grandson of Hart Jarvis Beach, was a beneficiary under a prior will of Margery Beach, and had not been notified of the petition to admit the new will. The prayers for relief in the reasons of appeal seek a judgment that the purported will of December 12, 1994, was not the decedent's will; compensatory and punitive damages against Blythe, Major, Love and Boston; and alternatively, that the plaintiff be declared a residuary legatee under said will.
Thereafter, the defendant executor filed a timely motion (#103) to dismiss the appeal filed by the plaintiffs for lack of subject matter jurisdiction. The purpose of a motion to dismiss is to test whether, on the face of the record, the court is without jurisdiction. Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). A motion to dismiss "properly attacks the jurisdiction of the court essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). Furthermore, the motion to dismiss "admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. . . ." (Citation omitted; internal quotation marks omitted.) Duguay v. Hopkins, 191 Conn. 222,227, 464 A.2d 45 (1983).
The defendant moves to dismiss the plaintiffs' appeal on the following grounds: (1) the appeal is untimely pursuant to General Statutes §§ 45a-187 and 45a-132; (2) pursuant to General Statutes § 45a-188, the plaintiffs were given written notice by a fiduciary of the Probate Court order admitting the will but failed to appeal within one month thereafter; (3) the plaintiffs failed to make a timely return of process to court as required by General Statutes § 52-46a; (4) the plaintiffs failed to timely CT Page 4798 amend their appeal pursuant to General Statutes § 45a-189; (5) the plaintiff William P. Jones, Jr., failed to sufficiently state his "interest" in the reasons for appeal from probate, as required by General Statutes § 45a-191; and (6) the allegations and relief sought in the plaintiffs' prayer for relief are beyond the proper scope of an appeal from probate, and consequently, beyond the court's jurisdiction.
The defendant executor first argues that the plaintiffs' appeal should be dismissed because it was not filed within thirty days of the order of the Westport Probate Court as required by General Statutes § 45a-187. The defendant contends that because a guardian ad litem was appointed to represent the plaintiffs' interests, the plaintiffs were "present" for purposes of General Statutes § 45a-187.
On December 13, 1994, an Application For Probate of the will in question was filed on behalf of the Estate of Margery Beach at the Westport Probate Court. On December 14, 1994, James H. Love was appointed as guardian ad litem for unknown heirs-at-law. On January 12, 1995, a hearing was held where the court Capunto, J., issued a decree admitting into probate the will of Margery Beach. The plaintiffs commenced their appeal on November 3, 1995. On December 5, 1995, the plaintiffs made a motion to amend their appeal which was granted by the Probate Court on December 6, 1995.
General Statutes § 45a-187 provides, in pertinent part: "[a]n appeal under section § 45a-186 by those of the age of majority and who are present or who have legal notice to be present, shall be taken within thirty days. If such persons have no notice to be present and are not present, then appeal shall be taken within twelve months."
The first basis claimed by the defendant for dismissing this appeal for lack of subject matter jurisdiction, that the presence of a guardian ad litem at the hearing on the admission of the will triggered the 30-day deadline under General Statutes § 45a-187, will be discussed later in this decision. As to the other five reasons, the court finds that none warrants the dismissal of this suit.
The first reason concerns James H. Love, the guardian ad litem. General Statutes § 45a-188 (d) indicates that notice by "any fiduciary" of an order of a probate court will shorten the CT Page 4799 time for taking an appeal to one month. The defendant, however, has not shown that a guardian ad litem is a fiduciary within the meaning of that statute. In Xavier Society v. McManus, 185 Conn. 25,30, 440 A.2d 807 (1981), the court construed the predecessor statute, General Statutes § 45-291 (d), which referred to executor, administrator or trustee of the decedent's estate, narrowly. Under the amended statute, fiduciary is not defined. General Statutes § 45a-188 (d). A fiduciary is defined in other sections of the statute as "an executor, administrator, trustee, conservator or guardian." General Statutes § 45a-199. A guardian is not the same as a guardian ad litem. A guardian ad litem is appointed for the limited purpose of representing or appearing on behalf of a person in a given proceeding. See, e.g. General Statutes § 45a-621. A guardian, on the other hand, assumes an obligation of care and control and the authority to make major decisions affecting the person's life and/or estate for whom the guardian is appointed. See, e.g. General Statutes § 45a-605 (5) and (6), defining guardianship of the person of a minor. Furthermore, the statute refers to a fiduciary of the estate, see Xavier Society v. McManus, Id., and Love was a guardian ad litem for undetermined heirs, not the estate.
As to the argument regarding untimely return of process, the return date of the process was January 2, 1996, and the file indicates that the papers were returned to court on December 27, 1995, which is within six days of said return date as required by General Statutes § 52-46a.
The claim that the original reasons of appeal were not amended in a timely fashion pursuant to General Statutes § 45a-189 is unfounded. The Westport Probate Court allowed an amended appeal. The real basis for this claim is that the Probate Court should not have allowed the amended appeal, which could in theory be the subject of an appeal by the defendant, but this court has subject matter jurisdiction over the amended appeal which was allowed by the Probate Court.
Regarding the claim that the plaintiff, William P. Jones, Jr., failed to sufficiently state his "interest" in the reasons for appeal from probate, Jones stated in the reasons of appeal that he was a beneficiary in a former will of the decedent. The will attached to the motion to dismiss indicates that he is not a beneficiary of the will admitted to probate, so his interest is sufficiently indicated in the reasons of appeal. CT Page 4800
Lastly, the defendant claims that the wording of the prayer for relief is contradictory in that, on the one hand, the plaintiffs claim that the will is void, and on the other hand, the plaintiff Elizabeth B. Jones seeks to be named the residuary beneficiary thereof. The wording of the prayer for relief, even if shown to be contradictory and/or without the scope of this court's jurisdiction, will not deprive the court of subject matter jurisdiction of the appeal itself, even though all or some of the relief requested cannot be provided.
The defendant also claims that notice of the admission of the will was given by the clerk of the probate court to the husband of the plaintiff, William P. Jones, as "her attorney in fact" which constituted notice to the plaintiffs, thus shortening the time period to appeal. General Statutes § 45a-188. An attorney in fact has been defined as one holding a "power of attorney" from another person authorizing him to act as one's agent.Consolidated Ass'n/Birches v. Gaetano, Superior Court, judicial district of New Haven, Docket No. SPNH 9508 44160 (January 4, 1996, Jones, J.). The defendant has not shown that the plaintiff's husband possessed a power of attorney from her.
Returning to the first reason offered by the defendant in the motion to dismiss, namely, that notice to the guardian ad litem on behalf of undetermined heirs means in effect that the plaintiff was present at the court hearing when the will was admitted, reference is to General Statutes § 45a-132 (c). This section provides: "[a]ny order of decree passed or action taken in any such proceeding shall affect all . . . persons thereafter . . . determined for whom the guardian ad litem has been appointed, in the same manner as if they had been of the age of majority and competent and present in court after legal notice at the time of the action or the issuance of the order or decree."
The plaintiffs argue that they should have received actual notice of the hearing since they were readily ascertainable heirs-at-law. Thus, they contend that the guardian ad litem either fraudulently or through gross incompetence failed to identify and locate the plaintiffs.
In order to determine whether the plaintiff was indeed "undetermined" or, on the other hand, was known or reasonably should have been known to the executor and/or guardian ad litem requires a factual or "trial-like hearing" in accordance with CT Page 4801Standard Tallow v. Jowdy, 190 Conn. 48, 56, 659 A.2d 503 (1983). The focus of the hearing, which will be held on Thursday, June 27, 1996, Stamford court house, at 2:00 p.m., will be whether the status of Edizabeth B. Jones as a heir of the decedent was truly unknown when the will was offered for probate, or readily or reasonably ascertainable. The burden of proving that the court has jurisdiction after a challenge thereto in the form of a motion to dismiss is placed on the plaintiffs according toStandard Tallow, supra, 58.
So Ordered.
Lewis, J.