[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the defendant's motion to dismiss an appeal from a ruling of the Woodstock Probate Court admitting a will for probate. The defendant is the executor of the estate in question and claims that the appeal is untimely because the will was admitted on April 24, 1996, and the appeal taken June 5, 1996, CT Page 5395-D more than the thirty days allowed to commence such an appeal under G.S. § 45a-187 (a).
The plaintiff counters that the appeal was timely because notice of the order admitting the will was mailed by the probate court clerk on May 7, 1996. The plaintiff argues that the date of the mailing starts the thirty-day period rather than the date the order was made. If the appeal period commenced May 7, 1996, the appeal was timely filed.
The determinative issue is which starting date applies to the thirty-day limit set forth in § 45a-187 (a). That section sheds little light on the problem, merely stating that the appeal by an adult, present at the probate hearing or with notice thereof, "shall be taken within thirty days."
Another statute, however, appears to govern the commencement of the time period. General Statute § 51-53 (a) indicates that when a court, including a probate court, makes orders or rulings, the clerk of that court "shall immediately notify counsel, in writing, of the decision, order, decree or ruling." CT Page 5395-E Subsection (b) of § 51-53 provides that the time period for appeals from such a decision or ruling "shall date from the time when such notice is issued by the clerk." An exception to this mandate, however, appears in § 51-53 (a) dispensing with notice by the clerk if the decision or ruling "is made or rendered in the presence of counsel in the matter."
In that event, the clerk may never send notice. Because notice is unnecessary, the time period for appeal must run from the rendition of the decision or ruling in open court. Consequently, the resolution of this motion to dismiss depends on whether the will was admitted by the probate court in the presence of plaintiffs' counsel.
Whether an appeal from probate is timely filed is a question of fact. Denslow v. Moore, 2 Day 12, 21 (1805). In the plaintiffs' memorandum opposing this motion, the plaintiffs judicially admit that their counsel attended the April 24, 1996, probate court hearing. Pursuant to P.B. § 143, the defendant has filed a supporting affidavit from the defendant-executor stating that the probate judge orally admitted the will in the CT Page 5395-F presence of all the participants at the hearing. No counter-affidavit was provided by the plaintiffs. The court concludes that plaintiffs' counsel was present at the April 24, 1996, probate hearing at which the will was admitted by the judge.
The right to appeal from an adverse probate decision is purely statutory, and all statutory requirements must be satisfied. State v. Goggin, 208 Conn. 606, 615 (1988). Failure to comply with these requirements deprives the superior court of subject matter jurisdiction to entertain the appeal. Bergin v.Bergin, 3 Conn. App. 566, 568 (1985). The thirty-day appeal period is one of these requirements. Fuller v. Marvin,107 Conn. 354, 357 (1928).
In the present case, the plaintiffs had thirty days from April 24, 1996, in which to take the appeal under § 45a-187
(a). Because counsel was present at the hearing at which the probate court admitted the will, no notice of that ruling was required. As a result, this appeal was untimely.
For these reasons, the motion to dismiss is granted. CT Page 5395-G
Sferrazza, J.